## HUMES v. PESCOR, Warden.

### No. 12944.

Circuit Court of Appeals, Eighth Circuit.

April 4, 1945.

Appellant pro se.

Maurice M. Milligan, U. S. Atty., and Earl A. Grimes, Asst. U. S. Atty., both of Kansas, City, Mo., for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment denying appellant's petition for a writ of habeas corpus on the ground that "upon the face of petitioner's application it appears that he is not entitled to the relief he seeks."

The record shows that appellant was indicted in the district court of Kansas, tried before a jury, convicted and sentenced to imprisonment for a period of two years. The indictment charged that appellant being a male citizen of the United States between the ages of 18 and 45 was required to register under the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A.Appendix, § 301 et seq., as amended; that he did register with Local Board No. 1 for Leavenworth County, Kansas, as so required, and was classified in Class 1–A; that he was selected for service in the armed forces of the United States; that he was ordered to report to the Local Board on November 16, 1942, for induction for training and service, and that he unlawfully, willfully, knowingly and feloniously failed to report at the time and place so designated.

The appellant is now in the custody of the appellee, M. J. Pescor, Warden of the Medical Center for Federal Prisoners, Springfield, Missouri, serving the sentence imposed upon him by the court.

No appeal having been taken from the judgment of conviction, our inquiry is limited to whether the appellant has been

denied any of the rights or privileges guaranteed to him under the Constitution of the United States. We have never-the-less examined all of his complaints which might have been raised on appeal and find them entirely wanting in legal merit.

Appellant's contentions in brief are: 1. That the Selective Training and Service Act of 1940 is repugnant to the Constitution. And 2. That the federal court sitting in Kansas was without jurisdiction because appellant was at the time the indictment was returned and thereafter domiciled in the State of Missouri; that he could not, therefore, be a fugitive from justice.

The gist of appellant's first contention is that the Constitution does not specifically authorize Congress to enact a Selective Training and Service Law and that such authority can not be implied because it is not in harmony with the English Common Law. He says that the common law of England, as handed down by Blackstone, in regard to enforced military service, is that "No man can be required to go out of his shire except in a National emergency and not out of the Kingdom at any rate." From this he deduces that the authority of Congress extends only three miles from shore and that they can not pass laws to require men to go beyond that limit to fight.

The record shows that the appellant is an educated man and that he has read widely. But were it not that, although advised of his constitutional rights, he elected to act as his own attorney both in the trial of his case in the district court and in this court, we would regard his arguments as too trivial for notice. All of his contentions have been used to assail the Selective Draft Law of 1917, 50 U.S.C.A. § 226 note, as well as the Act of 1940, and all have been held invalid. See Selective Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A.1918C, 361, Ann.Cas.1918B, 856, and Local Draft Board No. 1 v. Connors, 9 Cir., 124 F.2d 388.

Appellant's second contention is that because he was domiciled in Missouri on November 16, 1942, when he was ordered to report to the Board in Kansas for induction and because he did not return to Kansas the federal court in Kansas was without jurisdiction to indict and try him, and that the act of the marshal in arresting him in Missouri and removing him to Kansas for trial was in effect illegal and amounted to kidnapping. He claims that the entire proceeding violated his constitutional rights. He cites no authority to support his contentions and counsel for the government cite none to refute them. That the crime was committed in Kansas where appellant failed to report in obedience to the order of the Local Board with which he had registered, that his absence from Kansas thereafter rendered him a fugitive from justice, and that he was a fugitive from justice are all too clear for argument. The law of the case is well settled. See and compare United States v. Van Den Berg, 7 Cir., 139 F.2d 654; Bronemann v. United States, 8 Cir., 138 F.2d 333; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957.

Having carefully examined the entire record we find no merit in any of appellant's contentions. The petition failed to state any ground for the writ of habeas corpus. The judgment appealed from is accordingly affirmed.