JONES v. PESCOR, Warden, et al.
No. 13686.

United States Court of Appeals
Eighth Circuit.
Sept. 1, 1948.

854

Appellant pro se.

Sam M. Wear, U. S. Atty., and Thomas A. Costolow, Asst. U. S. Atty., both of Kansas City, Mo., for appellees.

Before THOMAS, JOHNSEN, and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant is a lawyer, who has attended university for seven years, is a holder of the degrees of bachelor of philosophy and doctor of jurisprudence, and has practiced his profession in the city of Chicago for a number of years. He was convicted in 1945, in the Northern District of Illinois, on a jury-waived trial, of having violated the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., and was given a sentence of three years' imprisonment. He took no appeal from the judgment of conviction and sentence.

The Attorney General sent him to the Federal Penitentiary at Terre Haute, Indiana, but transferred him a few months later to the United States Medical Center at Springfield, Missouri, which is a hospital for defective delinquents, mental and physical, 18 U.S.C.A. § 871 et seq. He now seeks to be released from custody by habeas corpus. The District Court denied the writ on the face of the petition, and he has appealed from the denial.

The indictment charged in separate counts (1) that appellant had wilfully failed to report for induction when ordered to do so by the local draft board, with which he had registered, as required by the Selective Training and Service Act; (2) that he had wilfully failed to execute his questionnaire; (3) that he had wilfully failed to execute his occupational questionnaire; and (4) that he had wilfully failed to keep his local draft board advised of the address where mail would reach him. The dates of the alleged violations in the several counts were all within the three-year limitation under 18 U.S.C.A. § 582. The trial court found appellant "guilty as charged in the indictment" and gave him a single general sentence. The three-year sentence was less than the maximum which might have been imposed, under 50 U.S. C.A.Appendix, § 311 on any one or each of the four counts.

The petition for habeas corpus is a lengthy document, of appellant's own preparation, with multifarious and reiterated charges. In his brief here, however, appellant has made only five assignments of error, and we shall treat the other charges and grounds in his petition as having been waived under our rules. His contentions are in substance, (1) that because appellant in December, 1940, became a first lieutenant in the Illinois Home Defense Guard, Chicago Brigade, he was exempt from the provisions of the Selective Training and Service Act; (2) that, if he was subject to the Act, any offenses that he could have committed under it in Illinois would have had to have occurred more than three years prior to his indictment because he had been absent from the State more than that length of time, and so any prosecution of him would necessarily be barred by the statute of limitations; (3) that his trial and conviction were a nullity, because (a) the indictment was fatally defective, (b) he was without proper representation of counsel, and (c) the court compelled him to take the stand at the trial and be a witness against himself in violation of the Fifth Amendment; (4) that the judgment was not signed by the trial judge and so was void; and (5) that his transfer and confinement in the U. S. Medical Center were illegal and violated due process, because he was not given a hearing on his need for such care and treatment.

Appellant's first contention is clearly without merit on its face. Congress did not exempt anyone from the provisions of the Selective Training and Service Act of 1940 because he joined a home guard unit. Of such military forces as a State might have, the Act "relieved from liability for training and service" under it, only members of "the federally recognized active National Guard." 50 U.S.C.A.Appendix, § 305(a). While 54 Stat. 1206, ch. 904,

authorized a State to create other military forces when any part of its National Guard was in active federal service, it was specifically provided that "no person shall, by reason of his membership in any such unit, be exempted from military service under any Federal law."

■ Appellant's second contention equally is without merit on its face. As we have previously indicated, the dates of the offenses charged in the indictment were all within the three-year limitation of 18 U.S.C.A. § 582. The argument that appellant could not possibly have committed any such crimes in Illinois, as charged, during the three years preceding his indictment, in view of the fact that he was out of the State during all of that time, is legally frivolous. Failure to comply with a regulation under the Selective Training and Service Act, or with an order of a local draft board having jurisdiction, constitutes a crime at the place where the compliance must be made. United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529; Humes v. Pescor, 8 Cir., 148 F.2d 127. Here, appellant was ordered to report for induction at Chicago, Illinois; he was required to file his questionnaires at the office of his local draft board in Chicago; and notice of any change in his mailing address was required to be furnished to his board in Chicago. All of the offenses charged in the indictment therefore plainly were crimes committed in the Northern District of Illinois, even though appellant was outside the State.

■ The claim in subdivision (a) of appellant's third contention, that the indictment is so fatally defective as to be a legal nullity, also is without merit. The attack upon the indictment is that it is not subscribed by the foreman of the grand jury. But it contains the following signed endorsement: "A true bill, Daniel C. Robertson, Foreman." This is sufficient, and certainly clearly so as against collateral attack. In Edwards v. United States, 10 Cir., 113 F.2d 286, 289, where a direct attack was made against an indictment on the same ground as here, the court in rejecting the contention said: "No federal statute has been called to our attention

providing that the foreman of the grand jury shall sign an indictment at the bottom thereof, and it has been the settled practice of wide use for the United States attorney or his assistant to sign it and for the foreman of the grand jury to sign below the endorsement 'A True Bill' on the face of it." This case was reversed on other grounds in 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957, but the Supreme Court disposed of the attack made upon the indictment in that court as being "frivolous objection." It may be added that the Federal Rules of Criminal Procedure, 18 U.S. C.A. following section 687, since adopted, likewise contain no such technical prescription of form, as that for which appellant contends. See rule 7(c). Since it it neither a constitutional requirement nor a statutory (or equivalent court rule) prescription that an indictment must be subscribed and not merely endorsed by the foreman of the grand jury, the long-recognized practice of permitting and giving effect to such an endorsement reasonably requires that this be held sufficient to give a court jurisdiction of the offense. And it must be borne in mind that, on habeas corpus, the court will not examine the indictment further than to see that it affords a jurisdictional basis for the conviction. Meeks v. Kaiser, 8 Cir., 125 F.2d 826.

■ The claim made in subsection (b) of appellant's third contention that he was without proper representation of counsel similarly is not one that in the present situation would require the issuance of a writ. A charge by a convicted lawyer, who knows his legal rights and how to enforce them, and who also has been represented by an attorney of his own choosing and hiring, that there has been such a lack of proper legal representation on his trial as to entitle him to a writ of habeas corpus, is not one to command the serious consideration of a court. Appellant does not presume to assert that he was mentally incompetent at the time, and in fact he has attached a medical report to his petition, which specifically shows that he was sane.

■ The claim made in subsection (c) of appellant's third contention, that the

court compelled him to take the stand at the trial and be a witness against himself in violation of the Fifth Amendment, is, however, one that on its face is of such fundamental nature as to challenge notice by a court and require examination. This is so, both as a matter of vindicating an absolute right and as a matter of safeguarding judicial administration. It hardly seems possible to believe that any federal judge would compel an accused to take the stand at his trial against his will and be a witness against himself, but appellant categorically makes the charge. The petition does not set out the circumstances under which he was compelled to take the stand, or the nature of the interrogation which he claims the judge made of him, and it is possible that this omission is deliberate. Of course, if the fact should be that the charge is utterly without any foundation and is obviously perjurious, the irresponsibility of knowingly making any such false accusation might perhaps not be without prosecutional consequences. But if there actually has been such a flagrant violation of appellant's right as he charges, his conviction necessarily is so polluted that it cannot stand. Whether the question shall be preliminarily approached by requiring appellant to set out the facts in his petition, or by an order upon appellees to show cause, or whether a writ shall immediately issue, is a matter for the trial court's discretion.

■ Appellant's other two contentions are wholly without merit and require only a passing observation. While the petition alleges that the trial judge did not sign the judgment, the certified transcript which appellees have been permitted to lodge in this court shows that the judgment bears the judge's signature. As to the contention that appellant's transfer to and confinement in the U. S. Medical Center were illegal and violative of due process, because he was not given a hearing on his need for such care and treatment, we have previously held that the determination of a prisoner's mental condition and need for treatment, pursuant to 18 U.S.C.A. § 876 and without judicial trial, does "no violence to his constitutional rights." Douglas v. King, 8 Cir., 110 F.2d 911, 913. And again, we have said that Congress undeniably has the power to make such provision for the medical care and treatment of federal prisoners and to set up such administrative machinery for determining a prisoner's need for care and treatment and the nature thereof, without the right to a formal hearing, as it deems advisable. Estabrook v. King, 8 Cir., 119 F.2d 607, 609, 610.

On the basis of what we have said, the judgment dismissing appellant's petition is reversed, and the cause is remanded with directions to take only such proceedings as may be necessary to examine and dispose of the claim that appellant was compelled by the judge to take the stand at his trial and be a witness against himself.

Reversed and remanded with directions.