**ROSHEISEN v. STEELE.**

No. 14411.

United States Court of Appeals
Eighth Circuit.

Dec. 27, 1951.

Carl R. Gaertner, Kirkwood, Mo. (appointed by the Court), submitted brief for appellant.

274

Sam M. Wear, U. S. Atty. and Hugh A. Miner, Asst. U. S. Atty., Kansas City, Mo., submitted brief for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal in forma pauperis from an order dismissing, without a hearing, the petition of Elmer A. Rosheisen for a writ of habeas corpus. The petition is based upon the claim that the petitioner is sane and competent and not subject to confinement in the United States Medical Center for Federal Prisoners at Springfield, Missouri, and that with proper deduction for good time his sentence has expired.

The petitioner was transferred to the Medical Center from the United States Penitentiary at Lewisburg, Pennsylvania, by an order of the Attorney General dated October 3, 1950. The order was based upon a certificate of the Board of Examiners of the Penitentiary at Lewisburg finding the petitioner to be insane or of unsound mind and a suitable subject for confinement in the Medical Center. The transfer was made in conformity with § 4241, Title 18 U.S.C.

At the time of his transfer the petitioner was serving a sentence of eight years imprisonment. He was originally sentenced to death by a General Court-Martial, but the sentence was subsequently reduced. If he had not been transferred to the Medical Center, he would, with allowance for good time, have been entitled to a conditional discharge on March 9, 1951. Under the order of the Attorney General transferring the petitioner to the Medical Center, he was, under the provisions of § 4241, "to be kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served." The maximum sentence of the petitioner without allowance for good time will expire May 1, 1953.

For the purpose of securing his release, the petitioner on May 9, 1951, filed in the District Court a petition for a writ of habeas corpus or in the alternative a writ of mandamus, asserting: (1) that he had been transferred to the Medical Center "upon certification of insanity by a Board of Examiners, illegally constituted, and without Due Notice or opportunity to defend being given him by such Board"; (2) that he was illegally compelled to submit to "shock treatments (Insulin) against his will"; and (3) that he is now sane and competent and is entitled to be discharged because of good time credits earned.

The District Court ordered the respondent (appellee) to show cause why the petition should not be granted. The United States Attorney, on behalf of the respondent, filed an answer denying that the petitioner had been restored to sanity or health so that he might be transferred or released. Attached to the answer was a letter of the Medical and Clinical Director of the Medical Center to the United States Attorney, dated May 18, 1951, written at the direction of the respondent and the Chief Medical Officer of the institution, which, so far as pertinent, reads as follows:

"Subject [Elmer A. Rosheisen] was certified as being of unsound mind by Board of Examiners, September 14, 1950, while a prisoner at the U. S. Penitentiary, Lewisburg, Pennsylvania. He was received at this institution October 16, 1950. Dr. Robert Lincoln of our Staff saw this patient and in a report dated November 3, 1950 concurred with the diagnosis made at the referring institution, namely, schizophrenic reaction, paranoid type. He was seen for evaluation by the Neuro-Psychiatric Staff January 18, 1951, but as he was then receiving insulin coma treatment, such evaluation was deferred pending reasonable interval following completion of therapy. Treatment was completed and patient assigned to the Ward for improved psychotics March 13, 1951. However, his condition was such that he remained unemployed until May 9, 1951, at which time he was assigned to the institution laundry to work.

"Rosheisen was again seen by the Neuro-Psychiatric Staff this date. His Ward physician stated that considerable improvement had occurred but that he was regarded as

eccentric, and as assuming a role of pseudo-profundity. He has been given the name "Professor" by his fellow patients. On appearance before the Staff, Rosheisen stated that he questioned the authority of the Staff to interrogate him and refused to answer any questions. He was dismissed when it became apparent that he would continue to refuse to cooperate with the examination. In view of this behavior, the Neuro-Psychiatric Staff had no alternative but to recommend continue holding him as a psychotic patient."

Upon consideration of the petition and the response to the order to show cause, the District Court concluded that it would be futile to grant the petitioner a hearing upon the issue of his alleged restoration to sanity and health; that the response sufficiently showed that in the judgment of the respondent the petitioner had not been restored to sanity or health and was not entitled to discharge. The court therefore dismissed the petition.

 The assertion that the Board of Examiners, upon the certificate of which the Attorney General based his order transferring the petitioner to the Medical Center, was illegally constituted, was a mere conclusion which raised no issue. See and compare, Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 867–868, 875. The charge that the Board did not accord the petitioner a hearing upon the question of his mental or physical condition presented no material question. This Court has ruled that a Board of Examiners such as that here involved need not accord a prisoner a hearing on the question whether he is a suitable subject for confinement in the Medical Center. The following quotation is from Jones v. Pescor, 8 Cir., 169 F.2d 853, 856: " * * * And again, we have said that Congress undeniably has the power to make such provision for the medical care and treatment of federal prisoners and to set up such administrative machinery for determining a prisoner's need for care and treatment and the nature thereof, without the right to a formal hearing, as it deems advisable. Estabrook v. King, 8 Cir., 119 F.2d 607, 609, 610."

See, also, Douglas v. King, 8 Cir., 110 F. 2d 911, 913, 127 A.L.R. 1200.

 Congress has confided to the Attorney General and the prison authorities, and not to the courts, the duty and responsibility of determining whether a federal prisoner is a suitable subject for confinement, care and treatment at the Medical Center, and what sort of medical care he needs. The administrative determination of such questions is not, in our opinion, subject to review in habeas corpus proceedings.

It is to be noted that the Medical Center at Springfield, Missouri, is not exclusively an institution for the insane or for mentally defective federal prisoners. As the Act providing for it shows, Act of May 13, 1930, 46 Stat. 270, the institution was to be available to the Attorney General as a hospital for the care and treatment of federal prisoners "who at the time of their conviction or during the time of their detention and/or confinement are or shall become insane, afflicted with an incurable or chronic degenerative disease, or so defective mentally or physically so [as] to require special medical care and treatment not available in an existing Federal institution."

 We think that the petition of Rosheisen did not show that he was a prisoner who might not lawfully be subjected to further confinement, care and treatment in the Medical Center. We also think that the answer of the respondent to the order to show cause sufficiently disclosed that his judgment was that the petitioner had not been restored to sanity or health.

Our conclusion is that the District Court did not err in dismissing the petition without according the petitioner a hearing.

We are indebted to counsel appointed by this Court to represent the petitioner on this appeal for an excellent brief in support of the petitioner's contentions.

The order appealed from is affirmed.