**James L. TIENTER, Petitioner,**

v.

**Dr. J. D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

Civ. No. 14586-4.

United States District Court
W. D. Missouri, W. D.

Oct. 29, 1963.

James L. Tienter, pro se.

BECKER, District Judge.

James L. Tienter, the petitioner herein, has submitted a petition for a writ of *habeas corpus* together with a request for leave to file the same *in forma pauperis*. Said petition contends that petitioner is illegally confined at the Medical Center for Federal Prisoners, Springfield, Missouri, under the provisions of Title 18 U.S.C.A. § 4246.

As a basis for his contention that he is illegally confined at the Medical Center, petitioner states: (1) that Title 18 U.S.C.A. §§ 4244 and 4246 are unconstitutional in that they are vague and ambiguous and violative of due process and equal protection of the law "in exparte application"; (2) that "Petitioner has not been found 'guilty of any crime; therefore he believes that it is un-constitutional to confine him in a penal and correctional institution and force him to wear a number"; (3) that he is not incompetent.

Petitioner's contention that sections 4244 and 4246 of Title 18 U.S.C.A. are unconstitutional has been resolved adversely to petitioner's contentions. The Supreme Court of the United States has determined that Congress has the power to enact laws for the arrest and commitment of mentally defective persons accused of offenses against the laws of the United States, and to provide for holding them in safe custody until indictment and trial, and that sections 4244 and 4246 of Title 18 U.S.C.A. comply with the basic constitutional requirements of due process of law. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412, affirming, 219 F.2d 376 (C.A. 8); Posey v. Attorney General (C.A. 8) 298 F.2d 604; Higgins v. United States (C.A. 9) 205 F.2d 650; Carmen v. Settle (W.D. Mo.) 209 F.Supp. 64; Frye v. Settle (W. D.Mo.) 168 F.Supp. 7; United States v. Gorobetz (D.N.J.) 156 F.Supp. 808; Craig v. Steele (W.D.Mo.) 123 F.Supp. 153; Higgins v. McGrath (W.D.Mo.) 98 F.Supp. 670. Petitioner does not claim that the procedures outlined in section 4244 and 4246 of Title 18 U.S.C.A. were not properly complied with in his case.

■ Petitioner's second contention, that he has not been convicted of any crime and that therefore his confinement in "a penal and correctional institution" is unconstitutional, is likewise without merit.

"The Congress has established the United States Medical Center for Federal Prisoners, at Springfield, Missouri, as the institution in which those arrested for federal offenses, as well as others, may be confined and treated when they are found to be mentally defective. Said institution is not a 'federal prison' within the scheme of federal penal institutions but is a hospital established by the Congress for treatment of persons found to have committed federal offenses. Rosheisen v. Steele, Warden, 8 Cir., 193 F.2d 273. A commitment to that institution under Chapter 313, after arrest and before arraignment, trial and sentence for a federal offense is not a denial of due process of law." Frye v. Settle (W. D.Mo.) 168 F.Supp. 7, l.c. 14.

■ Petitioner's third contention, that he is not incompetent, may or may not have merit. However, petitioner cannot raise that issue in this Court at this time. Petitioner does not show that he has been detained at the Medical Center for an unreasonable period of time (He states that he was committed "on or about September of 1962"). Petitioner's petition shows that he has made no application to the committing Court for consideration of his present mental status.

The committing Court has the duty to inquire from time to time into the mental status of persons committed by it. Johnson v. Settle (W.D.Mo.) 184 F.Supp. 103, l.c. 106. Therefore, this Court should refrain from exercising its jurisdiction until the petitioner has shown that he has made application to the committing Court for consideration of his present mental status, and that that Court has unjustly refused such a consideration or that he is unable to obtain justice in the committing Court for some other reason. See Seelig v. United States (C.A. 8) 310 F.2d 243, l.c. 244, where the Court said:

" * * * [T]he length of time that petitioner has been held is not yet such as to give rise on its face to any apparent neglect or disregard of petitioner's rights. This is not to say that circumstances may not at some time become such as prima facie to entitle petitioner to a hearing in habeas corpus. As the situation presently stands, however, without some request having been made to the * * * [committing court], * * * for a current consideration of petitioner's condition and a refusal by the Court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is not sufficient basis for petitioner to seek a writ of habeas corpus from the District Court for the Western District of Missouri."

See also Johnson v. Settle (C.A. 8) 310 F.2d 349; Smith v. Settle (W.D.Mo.) 211 F.Supp. 514; Barfield v. Settle (W.D. Mo.) 209 F.Supp. 143; Higgins v. McGrath (W.D.Mo.) 98 F.Supp. 670.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to file his petition for writ of habeas corpus in forma pauperis. It is further

Ordered that said petition be, and the same is hereby, denied with prejudice to the claims of petitioner except the claim that he is competent to stand trial. As to the latter claim the petition is denied without prejudice to renewal thereof if relief is denied without hearing in the committing Court on such motion as petitioner may file.