Robert Gary TYLER, Petitioner,

v.

Dr. J. D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. No. 14756-4.

United States District Court
W. D. Missouri, W. D.

March 2, 1964.

C.A. § 2312, the Dyer Act. On March 5, 1963, the Honorable Bailey Brown, United States District Judge for the Western District of Tennessee, Western Division, ordered petitioner committed to the Medical Center for mental observation and evaluation, pursuant to Title 18 U.S.C.A. § 4244. On July 29, 1963, Judge Brown committed the petitioner to the custody of the Attorney General or his authorized representative "until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law as set out in U.S.C.A. Title 18, 4246."

Petitioner claims his confinement is illegal because: (1) he was incompetent at the time he waived a preliminary hearing; that therefore his waiver was ineffective and all subsequent proceedings were void; (2) he is competent, or, in the alternative, his mental condition is permanent; (3) he is confined in a penal institution where he receives "no treatment, only indefinite punitive incarceration" rather than in a hospital; (4) he "performs a non-essential clerical function for the Bureau of Prisons side by side with convicted felons."

Assuming, without so deciding, the correctness of petitioner's contention that he was incompetent at the time he waived a preliminary hearing, such incompetency would not constitute a basis for granting petitioner *habeas corpus* relief at this time because events occurring since the petitioner's appearance before the Commissioner have rendered the effect of petitioner's ineffective waiver of a preliminary hearing, if such it were, moot. This is because petitioner was subsequently charged by way of an indictment returned by a grand jury. (This fact is set forth in the second paragraph of the order of judgment and commitment filed in the United States District Court for the Western District of Tennessee on July 29, 1963, a photocopy of an attested copy of which is attached to the response to the order to show cause. This fact is not denied by petitioner's traverse.)

Robert Gary Tyler, pro se.

R. Russell Millin, U. S. Atty., by Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

Robert Gary Tyler, petitioner herein, has filed a petition for writ of *habeas corpus* alleging that he is being illegally confined in the Medical Center for Federal Prisoners at Springfield, Missouri. An order to show cause has been issued. A response and traverse have been filed.

The facts, as shown by the pleadings, are that petitioner was indicted in the Western District of Tennessee, Western Division, for violation of Title 18 U.S.

■ Consequently any question of possible illegal confinement under the order of the Commissioner is presently immaterial since petitioner's present and immediate detention at the time of the order and judgment of commitment was justified by the indictment alone. DiCesare v. Chernenko (C.A. 4) 303 F.2d 423, l. c. 424.

Cases such as Frye v. Settle (W.D. Mo.) 168 F.Supp. 7, and Kurnava v. United States (W.D.Mo.) 222 F.Supp. 822, relied upon by petitioner, are clearly distinguishable. Those cases held that an insane person cannot waive indictment and give legal consent to be proceeded against by information.

■ Petitioner's claim that he is presently competent will not be entertained in this Court at this time. Petitioner does not allege, and the respondent affirmatively denies in response to the order to show cause, that petitioner has made application to the committing court for consideration of his present mental status.

■ As a matter of discretion and comity, this Court should refrain from exercising jurisdiction until the petitioner has shown that he has made application to the committing court for consideration of his current mental status, and that that court has unjustly refused such a consideration or that he is unable to obtain justice in the committing court for some other reason. Tienter v. Harris (W.D.Mo.) 222 F.Supp. 920; Birnbaum v. Harris (W.D.Mo.) 222 F.Supp. 919, both citing, *inter alia,* Seelig v. United States (C.A. 8) 310 F.2d 243, l. c. 244.

■ Petitioner's alternative claim that his mental condition is permanent likewise presents no basis for the issuance of a writ of *habeas corpus* at this time. Evidence that an accused suffers from "more than temporary" mental disability or that there is "little likelihood of recovery" does not defeat the federal power to make the initial commitment.

Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Royal v. United States (C.A. 10) 274 F.2d 846; Barfield v. Settle (W.D.Mo.) 209 F.Supp. 143, l. c. 144. And it cannot be said that petitioner's confinement in the Medical Center for a period of little more than six months has "irretrievably frustrated" the federal authority to prosecute as that phrase is used in the Greenwood case, supra, 350 U.S. at 375, 76 S.Ct. at 415, 100 L.Ed. at 419. It is assumed that the committing court will inquire from time to time concerning the mental status of petitioner. Johnson v. Settle (W.D.Mo.) 184 F.Supp. 103, l. c. 106. Petitioner may file a motion to dismiss the indictment in the committing court if he believes such an inquiry should now be made into the alleged permanency of his mental condition.

■ The claim that petitioner is entitled to release for the reason that he is confined in a penal institution rather than a hospital and receives "no treatment, only indefinite punitive incarceration" does not state a basis for *habeas corpus* relief under the present state of the cases. As stated by Judge Ridge in disposing of a similar claim in the case of Frye v. Settle (W.D.Mo.) 168 F.Supp. 7, at p. 14:

"So long as petitioner remains mentally incompetent to stand trial on any charge that may be filed against him in his committing court, he has no right to be released from his present custody by this Court through habeas corpus proceedings. The Congress has established the United States Medical Center for Federal Prisoners, at Springfield, Missouri, as the institution in which those arrested for federal offenses, as well as others, may be confined and treated when they are found to be mentally defective. Said institution is not a 'federal prison' within the scheme of federal penal institutions but is a hospital established by the Congress for treatment of persons found to have committed fed-

eral offenses. Rosheisen v. Steele, Warden, 8 Cir., 193 F.2d 273."

See also Jones v. Pescor (C.A. 8) 169 F.2d 853, l. c. 854.

Perhaps some day Congress will voluntarily establish a separate facility for unconvicted persons. Or perhaps the higher courts will decide that the Medical Center or a portion thereof is, in fact, a prison, and reverse the authorities cited. The power to do this is not committed to this Court.

Petitioner's final claim is that he "performs a non-essential clerical function for the Bureau of Prisons side by side with convicted felons."

Petitions for writ of *habeas corpus* submitted *pro se* by inmates of federal hospitals and penal institutions should be liberally construed. In order that "unlettered prisoners [or inmates] without friends or funds" may be protected, "legalistic requirements in examining applications" should be disregarded. Darr v. Burford, 339 U.S. 200, l. c. 203, 70 S.Ct. 587, l. c. 590, 94 L.Ed. 761, reversed on other grounds in Fay v. Noia, 372 U.S. 391, at page 436, 83 S.Ct. 822, at page 847, 9 L.Ed.2d 837, at page 867.

Therefore this claim of the petitioner will be construed as a claim that against his will he is being required to perform services in violation of the Thirteenth Amendment to the Constitution of the United States which forbids involuntary servitude except as "punishment for crime."

From the record in this cause it cannot be said that this claim is without merit in fact and in law. See, e. g., Slaughter-House Cases, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394, l. c. 406; United States v. Morgan (C.A. 2) 222 F.2d 673, l. c. 674.

For these reasons it is

ORDERED that the petition for writ of *habeas corpus* on file herein be, and the same is hereby, denied on all grounds except the claim of involuntary servitude. It is further

ORDERED that the respondent file within 15 days a detailed supplemental response to the order to show cause previously entered herein addressed to the claim of involuntary servitude.