F. Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

James E. JONES, Appellant,

v.

Dr. Jesse D. HARRIS, Warden, United States Medical Center, Springfield, Missouri, Appellee.

No. 17803.

United States Court of Appeals Eighth Circuit.

Dec. 30, 1964.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Petitioner James E. Jones, pursuant to District Court authorization, has appealed in forma pauperis from order dated July 10, 1964, denying his petition for writ of habeas corpus. Notice of appeal was filed on September 1, 1964. Petitioner has filed no brief as required by our rules. Respondent has filed motion to dismiss the appeal upon the basis of such failure. This case has been reached for hearing on our term assignment. We would be fully warranted in dismissing this appeal. However, since petitioner is without counsel, we have chosen to consider the appeal on its merits upon the original District Court record which is before us.

Petitioner in his application for the writ asserts that as a federal prisoner he has been wrongfully transferred from Alcatraz to the United States Medical Center at Springfield, Missouri; that he is not insane and not in need of medical attention; and that he has not been certified insane by the Board of Medical Examiners.

Petitioner also filed a motion for independent insanity examination. This court by order of October 19, 1964, denied such motion upon the ground that the requested examination has no relationship to an appellate decision on whether the District Court's rulings were legally erroneous.

The issue now before us is whether the District Court erred in holding that the Attorney General's confinement of the petitioner at the Medical Center at Springfield is valid.

■ Since no hearing was held, we must accept as true petitioner's allegation that he has not been found or certified to be insane pursuant to 18 U.S.C.A. § 4241. While such section provides for the transfer of a prisoner to the Medical Center, it is not exclusive statutory provision authorizing such transfer. We note that § 4241 and related sections go far beyond the bare transfer of the prisoner to the Medical Center since they provide for retaining the prisoner for his full term without deduction for good time or commutation of sentence and for retention of the prisoner beyond the term of his sentence upon a finding that his release would be dangerous to society. See 18 U.S.C.A. §§ 4247, 4248.

■ In our present case, petitioner makes no attack upon the validity of his conviction on the charge of bank robbery or the resulting sentence imposed. He does not assert or establish that he has completed the service of his sentence. The complaint is that he cannot be required to serve a sentence at the Medical Center.

The trial court, in its unreported opinion, clearly demonstrates that the petitioner's complaint sets out no facts entitling him to the relief which he seeks. The writ was properly denied for the reasons set out in such opinion.

18 U.S.C.A. § 4082 places responsibility upon the Attorney General to designate the place at which a convicted prisoner shall serve his sentence. Said section also includes the following provision: "The Attorney General may order any inmate transferred from one institution to another."

In Rosheisen v. Steele, 8 Cir., 193 F.2d 273, 275, we stated:

"Congress has confided to the Attorney General and the prison authorities, and not to the courts, the duty and responsibility of determining whether a federal prisoner is a suitable subject for confinement, care and treatment at the Medical Center, and what sort of medical care he needs. The administrative determination of such questions is not, in our opinion, subject to review in habeas corpus proceedings.

"It is to be noted that the Medical Center at Springfield, Missouri, is not exclusively an institution for the insane or for mentally defective federal prisoners. As the Act providing for it shows, Act of May 13, 1930, 46 Stat. 270, the institution was to be available to the Attorney General as a hospital for the care and treatment of federal prisoners 'who at the time of their conviction or during the time of their detention and/or confinement are or shall become insane, afflicted with an incurable or chronic degenerative disease, or so defective mentally or physically so [as] to require special medical care and treatment not available in an existing Federal institution.'"

In Garcia v. Steele, 8 Cir., 193 F.2d 276, 278, after pointing out that the Medical Center is part of the prison system of the United States, we said:

"It is our opinion that the authority to classify federal prisoners for the purposes of confinement, care and treatment, has been conferred exclusively upon the Attorney General, and that his determinations, made in the exercise of that authority, are not subject to review in habeas corpus proceedings."

See Austin v. Harris, W.D.Mo., 226 F. Supp. 304.

We adhere to our view of the controlling law as stated in the Rosheisen and

Garcia cases. It follows that the trial court correctly determined upon the basis of the facts alleged in the petition that the petitioner is not wrongfully incarcerated at the Medical Center and that the writ of habeas corpus should be denied.

Affirmed.