**James E. FRANCIS, Petitioner,**

v.

**UNITED STATES of America,**
**Respondent.**

**No. 15537-1.**

United States District Court
W. D. Missouri, W. D.

July 30, 1965.

James E. Francis, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

Petitioner, an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, is presently serving a concurrent four year sentence imposed on April 10, 1963, after a plea of guilty in the Northern Division of the District of South Dakota for two separate violations of the Dyer Act and for escape.

His original commitment was to the Federal Reformatory at El Reno, Oklahoma. On June 10, 1963, he was certified as being of unsound mind by a Board of Examiners at El Reno and was transferred to the Medical Center pursuant to Section 4241, Title 18 United States Code. Transfer was approved for the Attorney General on July 5, 1963.

The present motion is styled as a "Motion Independent Sanity Hearing." Petitioner alleges that he is being held "under false pretenses" and is being forced to remain in the Medical Center "under an injustice." The basis of petitioner's claim is revealed by his allegation that "the Medical Center Doctors say this and that is wrong with the [petitioner], when really there isn't anything wrong with respondent at all."

The prayer of petitioner reads as follows:

The respondent prays with good faith that the U. S. District Court will grant the Independent Sanity Hearing and will allow the respondent to be mentally examined in open Court by three civilian Psychiatrists to decide truthfully whether the respondent has an illness of mind or not.

And if not, the respondent wishes to be sent to another Prison and transferred from the Medical Center to finish out the remainder of his sentence. AMEN.

Petitioner's allegation that he has "worry and fear that at the end of his sentence he will be kept certified under false pretenses and either be sent to a State Mental Institution or be kept in the U. S. Mental Institution under a 'P' number for life" is obviously unfounded because the maximum sentence imposed, without credit for good time or commutation, has not been served. Under Section 4241 such is the period of petitioner's commitment and the question he attempts to present is not ripe.

Petitioner does not allege any improper conduct on the part of any one; paragraph 1 of his motion states the case as being one in which he "says one thing [that there is no illness in his mind] and the psychiatrist says another."

It is settled law that under the facts here alleged this Court does not have jurisdiction or power either to review the administrative determination made by the Board of Examiners pursuant to Section 4241, or to grant petitioner's motion for an independent sanity hearing. Rosheisen v. Steele, (8th Cir. 1951) 193 F.2d 273; Garcia v. Steele, (8th Cir. 1951) 193 F.2d 276; Craft v. Settle, (W.D.Mo.1962) 205 F.Supp. 775.

We have, of course, carefully examined the judgments and commitments of the United States District Court for the District of South Dakota, the Marshal's returns made in connection therewith, and the Section 4241 certification made by the Board of Examiners at the Federal Reformatory at El Reno, Oklahoma, and find that all are in proper form.

Accordingly, petitioner's motion should be and is hereby overruled.

It is so ordered.