**James L. JOHNSTON, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 15842-3.**

United States District Court
W. D. Missouri, W. D.

April 14, 1966.

George J. Donegan, Springfield, Mo., for petitioner.

F. Russell Millin, William A. Kitchen, Kansas City, Mo., for respondent.

MEMORANDUM AND ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED

BECKER, Chief Judge.

This is a petition for a writ of habeas corpus. Petitioner is an inmate confined at the Medical Center for Federal Prisoners at Springfield, Missouri. Leave is requested and will be granted to proceed in forma pauperis.

Petitioner states that he was committed to custody on or about October 29, 1965, by the United States District Court for the Eastern District of Missouri under Section 4246 of Title 18, U.S.C.A.

Section 4246 of Title 18, U.S.C.A., provides for the commitment of an accused to custody when the accused has been determined to be mentally incompetent to stand trial. Such a commitment to custody continues until the accused is

mentally competent to stand trial or until the pending charges against him are "disposed of according to law."

Four basic grounds are asserted by petitioner for the writ. They are as follows:

(1) Petitioner alleges that he is now and has been for "a good number of months" mentally ill. Petitioner contends that this incompetence is sufficient reason to require the dismissal of the charges pending against him, and that the "refusal" by the "Court" to dismiss those charges amounts to the "use [of] the law as a hammer to punish him".

(2) "The petitioner was illegally extradited when the petitioner was taken from the State of Illinois to the State of Missouri without due process of law." The facts and conclusions stated by petitioner in support of this contention are that he was arrested on or about June 19, 1965, in East St. Louis, Illinois; that he was taken before a United States Commissioner for the Eastern District of Illinois; that he "does not have any recollection of signing any papers or forms or anything connected with his extradition from Illinois to Missouri, which he feels is illegal"; that because "he was extradited illegally * * * the U. S. District court for the Eastern District of Mo. does not have any jurisdiction in his case, and that his incarceration at the U. S. Medical [Center] for Federal Prisoners", the charges pending against him, and "all other proceedings in the Eastern District of Missouri are illegal".

(3) "The petitioner is incarcerated with convicted felons." Petitioner states that he has "never been convicted of any crime" and contends that "he is innocent until proven guilty". Petitioner further contends that his incarceration with convicted felons is a "direct violation of his constitutional rights".

(4) "The petitioner is being required to proform (sic) involentory (sic) servitude although he has never been convicted of a crime. This is a direct volation (sic) of his contitutional (sic) right".

Petitioner states that he has not presented any ground here presented to any other federal court.

With respect to the relief sought, petitioner states:

"The petitioner does not want to be tried. All the petitioner ask[s] of this Honorable court is to either drop his charges and release him, or grant the petitioner a Writ of Hebeas (sic) Corpus and release him to a State Hospital where he can receive the nessiary (sic) treatment he needs."

■ The first question that should be answered is whether this Court should reach the merits of the issues raised in this petition for a writ of habeas corpus. If petitioner has an ordinary, adequate, effective remedy, this Court should, in the exercise of its discretion, withhold the extraordinary remedy of habeas corpus without passing on the merits. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

■ Petitioner does not have a statutory remedy under Section 2255 of Title 28, U.S.C.A., because he is not *"in custody under sentence* of a court established by Act of Congress." Pavlick v. Settle (W.D.Mo.1962) 203 F.Supp. 42, 43. However, petitioner has an adequate and effective remedy in the committing court independent of Section 2255, at least insofar as his allegations and contentions attack the validity of his confinement.

■ Petitioner may file in the committing court a motion to vacate the order of commitment on the ground that it was erroneously entered. Arco v. Ciccone (W.D.Mo.1965) 252 F.Supp. 347, aff'd (8th C.A.1966) 359 F.2d 796 (1966).

■ Because petitioner is in custody pursuant to Section 4246 of Title 18, U.S. C.A., he is a ward of the committing court and that court has continuing jurisdiction to adjudicate the issues relating to the validity of petitioner's commitment raised in this proceeding. Cf. Seelig v. United States (C.A.8, 1962) 310 F.2d 243.

■ Grounds (1) and (2) above relate to the validity of petitioner's commitment. Petitioner is advised that he should file an appropriate motion for relief in the committing court presenting those grounds. If petitioner is denied relief on that motion, he should appeal to the Court of Appeals for the Eighth Circuit if he desires review of the adverse decision.

Only if the above-described steps are taken, or some exceptional circumstances are shown impairing the ability of petitioner to take those steps, will consideration be given to adjudicating in a subsequent proceeding the merits of the issues raised in grounds (1) and (2) herein.

■ With respect to petitioner's allegations and contentions contained in grounds (3) and (4) which relate to the execution of his commitment, petitioner's proper remedy is a habeas corpus proceeding. Cf. Halprin v. United States (C.A.9, 1961) 295 F.2d 458.

■ Assuming, but not deciding, the factual allegations of petitioner in ground (3) to be true, petitioner has not stated facts on which relief may be granted. The confinement of petitioner, who has not been convicted of any crime, with "convicted felons" is not unconstitutional. Tienter v. Harris (W.D.Mo. 1963) 222 F.Supp. 920, 922. See Frye v. Settle (W.D.Mo.1958) 168 F.Supp. 7, at page 14, where it is stated:

"The Congress has established the United States Medical Center for Federal Prisoners, at Springfield, Missouri, as the institution in which those arrested for federal offenses, as well as others, may be confined and treated when they are found to be mentally defective. Said institution is not a 'federal prison' within the scheme of federal penal institutions but is a hospital established by the Congress for treatment of persons found to have committed federal offenses. Rosheisen

v. Steele, Warden, 8 Cir., 193 F.2d 273. A commitment to that institution under Chapter 313 [which includes Section 4246 of Title 18, U.S.C.A.], after arrest and before arraignment, trial and sentence for a federal offense is not a denial of due process of law."

■ In ground (4) petitioner's factual allegations are sufficient to require further investigation. The Thirteenth Amendment prohibits "involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted". Assuming that petitioner "has never been convicted of a crime", if petitioner is being forced to work at the Medical Center his constitutional rights are being violated. Tyler v. Harris (W.D.Mo., 226 F.Supp. 852) March 2, 1964.

Petitioner is not presently entitled in this Court to any relief on grounds (1), (2) and (3). On ground (4) petitioner is not entitled to the specific relief he requested. However, further investigation might show that petitioner is entitled to injunctive relief to protect the constitutional rights he retains even though confined. Therefore, the petition (prepared by a layman without the assistance of counsel) will be treated as requesting any appropriate relief.

For the reasons heretofore stated, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that with respect to grounds (1) and (2) the petition be, and it is hereby, dismissed without prejudice. It is further

Ordered that with respect to ground (3) the petition be, and it is hereby, dismissed. It is further

Ordered that with respect to ground (4) respondent show cause on or before May 2, 1966, why the petition should not be granted.