**Richard Allen FROST, Petitioner,**

v.

**Dr. P. J. CICCONE, Respondent.**

**No. 18566-4.**

United States District Court,
W. D. Missouri, W. D.

Aug. 12, 1970.

**900**

Richard Allen Frost, pro se.

Bert C. Hurn, U. S. Dist. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri, seeks leave to file in forma pauperis a petition for writ of habeas corpus. Leave to proceed in forma pauperis is hereby granted.

Petitioner states that on April 17, 1970, he was sentenced by the United States District Court for the Eastern District of Missouri to a term of three years imprisonment following his guilty plea to a violation of 18 U.S.C. § 2312 (Dyer Act). Petitioner further states that he was sentenced in accordance with the provisions of 18 U.S.C. § 4208(a) (2).

In support of his present application for habeas corpus relief, petitioner has submitted a lengthy, rambling pleading in which he sets forth his legal and factual contentions.

Briefly summarized, however, petitioner alleges the following contentions: that following his conviction petitioner was taken directly to the United States Medical Center for Federal Prisoners and illegally confined there; that his incarceration in the Medical Center is illegal because he is confined with "a prison element deemed insane by the courts;" that this incarceration constitutes "crue (sic) and unusual punishment"; that petitioner can be incarcerated in the Medical Center only under the authority of 18 U.S.C. § 4241; and that, under the circumstances, the Medical Center is not an "available, suitable and appropriate institution" for petitioner's confinement as required by the provisions of 18 U.S.C. § 4082.

 Petitioner's contentions are entirely without merit and, therefore, his application for habeas corpus relief must be denied. Although the provisions of 18 U.S.C. § 4241 provide for the transfer of a federal prisoner to the Medical Center, that statutory provision is not the exclusive authorization for such transfer. Jones v. Harris, 339 F.2d 585 (8th Cir. 1964). Under the provisions of 18 U.S.C. § 4082, it is the responsibility of the Attorney General of the United States to designate the place at which a convicted federal prisoner shall serve his sentence. As stated by Judge Becker in Peek v. Ciccone, 288 F.Supp. 329, 338 (W.D.Mo. 1968), "Congress has delegated to the Attorney General and the prison authorities, not to the courts, the power, duty and discretion to determine whether a federal prisoner in custody pursuant to a valid sentence should be confined in the Medical Center, and of determining what sort of medical care and treatment he needs." See also: 18 U.S.C. § 4082; Lawrence v. Willingham, 373 F.2d 731 (10th Cir. 1967); Holland v. Ciccone, 386 F.2d 825 (8th Cir. 1967); and Jones v. Harris, *supra.* Furthermore, the United States Medical Center for Federal Prisoners at Springfield, Missouri, is a part of the prison system of the United States and is under the administration

and supervision of the Attorney General. Garcia v. Steele, 193 F.2d 276 (8th Cir. 1951). Therefore, it is an appropriate penal institution within the meaning of the provisions of 18 U.S.C. § 4082.

Petitioner is presently confined under a valid federal conviction and sentence imposed by the United States District Court for the Eastern District of Missouri. And, it does not appear that the prison authorities have, in any way, acted arbitrarily or capriciously in confining petitioner at the Medical Center.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby denied.

It is so ordered.