**Jimmy G. BUSH, Petitioner,**

v.

**Dr. P. J. CICCONE, Warden, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**No. 19135–4.**

United States District Court,
W. D. Missouri, W. D.

April 23, 1971.

Jimmy G. Bush, pro se.

Frederick Griffin, Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HUNTER, District Judge.

Petitioner, a convicted federal prisoner who is currently confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, has filed in forma pauperis a petition for writ of habeas corpus. Leave to proceed in forma pauperis was granted by the Court in the order entered on March 3, 1971.

On January 22, 1960, petitioner was sentenced by the United States District Court for the Northern District of Ohio to a term of fifteen years imprisonment following petitioner's guilty plea to charges of bank robbery. Petitioner did not appeal from the judgment of conviction or the imposition of sentence. He has never previously sought federal post-conviction relief. On June 1, 1964, petitioner was certified by a Board of Examiners pursuant to 18 U.S.C. § 4241 to be of unsound mind and petitioner was subsequently transferred to the Medical Center from the Federal Correctional Institution at Huntsville, Alabama.

As grounds for his present application for federal habeas corpus relief, petitioner sets forth the following allegations:

"[I]n June of 1967, petitioner was transferred from the United States Penitentiary, Atlanta, Georgia, to the U. S. Medical Center for Federal Prisoners at Springfield, Missouri. The officials 'psychiatrist' (sic) at said Medical Center in approximately September of 1964, certified petitioner as being insane, of unsound mind. Such certification has hindered petitioner from being released on mandatory release. Though its (sic) a fact petitioner is actually a sane individual of sound mind, petitioner wishes for this Court to compel respondent to relinquish his arbitrary authority, and to bring petitioner before a Board of competent psychiatrist (sic) to relinquish this arbitrary confinement * * *."

"[A]pproximately three (3) months ago petitioner appeared before a Board of psychiatrist (sic). There (sic) primary concern was if petitioner was released into society would a petitioner be employed. Consequently, petitioner has paid his debt to society and should be released. Though there is not any law to the contrary that does say, "An inmate has to be employed on mandatory release." Such is totally ridiculous and is denying petitioner the equal protection of the law guaranteed by the fourteenth amendment of the U. S. Constitution. The institutional record of petitioner will substantiate the fact that respondent is not concerned with petitioner's sanity of mind, but a program for petitioner in society. Petitioner wishes for this Court to compel respondent with a writ of mandamus to just perform a plain duty and to appoint counsel to represent petitioner before said psychiatrist and to release petitioner from further service of this illegal incarceration immediately."

Petitioner contends that with statutory good time credit he should have been released from federal custody on January 21, 1970.

Petitioner's application for federal habeas corpus relief is entirely without merit and must, therefore, be denied. Under the provisions of 18 U.S.C. § 4241, the responsibility and duty of determining whether a federal prisoner under a valid federal sentence should be confined in the Medical Center and of determin-

ing what sort of medical care that prisoner needs is vested in the Attorney General and not the courts. In Re Baptista, 206 F.Supp. 288 (W.D.Mo.1962). And, the administrative determination of these matters is not subject to review by way of habeas corpus proceedings absent unusual or exceptional circumstances. Rosheisen v. Steele, 193 F.2d 273 (8th Cir. 1951); Garcia v. Steele, 193 F.2d 276 (8th Cir. 1951); In Re Baptista, *supra*; Francis v. United States, 243 F.Supp. 586, 587 (W.D.Mo.1965). Thus, petitioner is not entitled to an independent sanity hearing in this proceeding. Francis v. United States, *supra*; Gutierrez v. United States, No. 17,077–4 (W.D.Mo. 1968).

There remains petitioner's contention that he is entitled to good time credit under the provisions of 18 U.S.C. § 4161. Under the express provisions of 18 U.S.C. § 4241, credit for good time is suspended as to a prisoner who has been found by a Board of Examiners to be insane or of unsound mind. As stated by the Eighth Circuit Court of Appeals in Urban v. Settle, 298 F.2d 592, 593 (8th Cir. 1962):

"A prisoner who has been removed to a hospital for defective delinquents under 18 U.S.C.A. § 4241 is not entitled to have further good conduct accruals made or become operative until, in the judgment of the superintendent of the hospital, he has become restored to sanity or health. If, in the judgment of the superintendent, he does not become so restored, he is entitled to be kept in the hospital, under § 4241, until his maximum sentence has been served. He cannot, in this situation, ordinarily seek his release from the hospital until one or the other of these two contingencies has occurred.

"Within the power of Congress to control the care and treatment of all federal prisoners, it necessarily may set up such appropriate administrative machinery for dealing with this problem as it sees fit, without leaving the way open to a prisoner to have the judgment of the official to whom that responsibility has been entrusted subjected to judicial examination, except as some right otherwise of a prisoner may be violated." (citations omitted)

 In the present case, it affirmatively appears from the records submitted by the respondent that petitioner has been properly certified under the provisions of 18 U.S.C. § 4241 by a Board of Examiners. Further, it also appears that petitioner has, in fact, not served his valid federal sentence to its maximum expiration date. Thus, petitioner is not entitled to relief with regard to the contentions he presents herein.

Accordingly, for the reasons stated above, the petition for writ of habeas corpus is hereby denied.

It is so ordered.