**Richard POSEY, Appellant,**

v.

**ATTORNEY GENERAL OF the UNITED STATES and Dr. R. O. Settle, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Appellees.**

No. 16981.

United States Court of Appeals
Eighth Circuit.

Feb. 7, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant filed an application for a writ of habeas corpus, which the District Court denied without a hearing. The court permitted notice of appeal to be filed without payment of fee, but denied appellant leave to proceed further in forma pauperis, on the ground that the appeal was without merit and so not taken in good faith. Appellant challenges here this certificate of the court and asks leave of us so to prosecute his appeal.

While the application purported to be against the Attorney General as respondent, the United States Attorney treated it as being directed at the Warden of the Medical Center for Federal Prisoners, Springfield, Missouri, and filed on that basis response to a show-cause order issued by the court.

Appellant is under indictment in the Middle District of Georgia for bank robbery, his arrest having occurred on October 22, 1959. On motion of the United States Attorney in December 1959, under 18 U.S.C.A. § 4244, the District Court for that District had appellant examined as to his mental condition at the Springfield Medical Center, and thereafter held a hearing to determine whether he was so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense.

The court found that appellant was at the time in that condition. It accordingly ordered him committed, under 18 U.S.C.A. § 4246, to the custody of the Attorney General "until such time as he shall be mentally competent to stand trial, or until the charges against him are disposed of according to law, or until suitable arrangements have been made for the custody and care of the defendant by the state of his residence, whichever event shall first occur." The date of the order was May 9, 1960, and appellant has since been confined in the Springfield Medical Center on this basis.

The object of his habeas corpus petition was to effect his release from the Medical Center on the ground that the Federal Government has no right thus to hold him indefinitely without bail, trial, conviction, or sentence, and that it should be required to turn him over to the authorities of the state of his residence for such confinement in a state institution as may be necessary. The response filed by the Warden of the Medical Center indicates that there has been some correspondence among officials of the Medical Center, the Bureau of Prisons, and the Department of Justice as to the possibility of this being done, but nothing beyond this has apparently occurred.

The order of the District Court for the Middle District of Georgia recites that "The Court is unable to determine whether the mental incapacity of the defendant is of a temporary or permanent nature"; that "The Court is of the opinion that if the said condition of the defendant is of a permanent nature the defendant should be transferred to the proper authorities of the state of his residence"; and that "It is felt that the need for such disposition can best be determined by the Attorney General or his authorized representative."

On these facts, there is no present basis to require the District Court for the Western District of Missouri to issue a writ of habeas corpus or to accord appellant a hearing. His confinement in that District cannot yet be declared to be violative of a right on his part to be released from federal custody in order to receive state care and commitment. The criminal charges in the Middle District of Georgia are still pending. Nor has he been held in custody for appropriate care and treatment beyond the length of the confinement which could legally be imposed upon him under 18 U.S.C.A. § 2113, if he were convicted of the charges against him.

Whether it may be possible to turn him over to the State of Georgia, and, if so, whether this should be done, are, up to the present time at least, questions for the District Court of the Middle District of Georgia and the Attorney General, and not yet a proper matter for the District Court of the Western District of Missouri.

No attempt to have the District Court for the Middle District of Georgia act in relation to the situation or in relation to the pending charges has been made since that Court's order of May 9, 1960. Appellant is not able to claim that such irretrievable frustration of federal authority to prosecute exists, and such willingness on the part of the State of Georgia to assume responsibility for appellant has been shown, as in the interest of justice in relation to his condition to call for a

relinquishment of federal jurisdiction over him.

This is not to say that the situation may not at some future time become such in its circumstances as to make a writ of habeas corpus available to appellant in the Western District of Missouri. See Greenwood v. United States, 350 U.S. 366, 375, 76 S.Ct. 410, 415, 100 L.Ed. 412. All we here hold is that on the situation as it presently exists the District Court for the Western District of Missouri was not required to issue such a writ or to accord appellant a hearing on the question of his release from federal custody.

The appeal will be permitted to be docketed without payment of fee and then will be dismissed as being without any merit.

Appeal dismissed.