**Frederick SEELIG, Petitioner,**

v.

**The UNITED STATES of America, Respondent.**

Misc. No. 127.

United States Court of Appeals Eighth Circuit.

June 1, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

An application for a writ of mandamus to compel the District Court for the Western District of Missouri to grant petitioner a hearing upon an application tendered by him for a writ of habeas corpus was denied by us on October 9, 1961.

Subsequently, on February 21, 1962, petitioner filed another application for a writ of habeas corpus in the District Court, to which the Court required response to be made by the Warden of the Medical Center for Federal Prisoners at Springfield, Missouri, where petitioner

is being held in custody. The Court concluded that the copies of the court files and records which were attached to such response conclusively showed that petitioner was entitled to no present relief, and it accordingly denied his application for a writ and refused to allow him to proceed on appeal in forma pauperis on the ground that his appeal was without merit and so not taken in good faith. Petitioner has now made application to us for leave so to proceed on appeal, notwithstanding the trial court's certificate, from the Court's denial of his application for a writ of habeas corpus.

The files and records show that charges under 18 U.S.C. § 1718, were instituted against petitioner by indictment in the District Court for the Western District of Texas, which were transferred, on petitioner's request, to the District Court for the Southern District of California under Rule 21, Federal Rules of Criminal Procedure, 18 U.S.C.A. They further indicate that the District Court for the Southern District of California, on proceedings had under 18 U.S.C. § 4244, with petitioner being represented by court-appointed counsel, committed petitioner to the Medical Center at Springfield, Missouri "until such time as the defendant shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law."

On the order made, petitioner is in effect a ward of the District Court for the Southern District of California. There is nothing to indicate or suggest that any request has been made of that Court for further consideration of petitioner's situation or his contention that he is presently competent to stand trial. Also, the length of time that petitioner has been held is not yet such as to give rise on its face to any apparent neglect or disregard of petitioner's rights. This is not to say that circumstances may not at some time become such as prima facie to entitle petitioner to a hearing in habeas corpus. As the situation presently stands, however, without some request having been made to the District Court

for the Southern District of California for a current consideration of petitioner's condition and a refusal by the Court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is not sufficient basis for petitioner to seek a writ of habeas corpus from the District Court for the Western District of Missouri.

His request for leave to proceed on appeal in forma pauperis from the refusal, to him of such a writ is accordingly denied.