William T. JOHNSON, Appellant,

v.

Dr. Russell O. SETTLE, Warden,
Appellee.

No. 17201.

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1962.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant is under indictment in the Western District of New York for having knowingly and with fraudulent intent caused forged securities to be transported in interstate commerce, in violation of 18 U.S.C. § 2314.

On July 17, 1961, the District Court for that District, after having an examination made and holding a hearing, pursuant to 18 U.S.C. § 4244, found and determined that appellant was mentally incompetent to stand trial and ordered him committed to the custody of the Attorney General "until he shall be mentally competent to stand trial". Appellant was thereupon placed in the Medical Center for Federal Prisoners at Springfield, Missouri, where he has since been confined. Periodic reports as to his condition have been made to his committing court by the Warden of that institution— the last such report shown by the files and records which are before us bearing date of April 24, 1962.

On July 17, 1962, a year after his commitment to the Springfield Medical Center, and three months after the then current report to his sentencing court, appellant filed an application for a writ of habeas corpus in the Western District of Missouri, alleging that he was now competent to stand trial, requesting a hearing upon this contention, and seeking an order that he be returned to the Western District of New York for trial, or that the charges there pending against him be dismissed.

The District Court for the Western District of Missouri, after ordering a response to be made on the part of appellee, so that the record situation would be brought before it, denied the application for a writ without a hearing, on the ground that on the situation so shown there was no basis for appellant to ask to have a writ of habeas corpus issued. No attempt had been made by appellant to apply to his committing court for a hearing on the question of his present competency and to have that court rule upon whether in relation to § 4244 any such apparent possibility was shown as to entitle appellant to such a hearing.

The trial court properly held that within the aspects of § 4244 there was not present any neglect or disregard of appellant's rights which would entitle him to

seek habeas corpus relief. Cf. Seelig v. United States, 8 Cir., 310 F.2d 243.

Appellant's request for leave to prosecute an appeal in forma pauperis from the trial court's denial of his application for a writ is denied. His appeal will be permitted to be docketed for record purposes without payment of fee, but it must be dismissed as frivolous.

Appeal dismissed.

Swygert, Circuit Judge, dissented.