Mrs. Ruth Brockman CAIN, Executrix of
the Estate of William Pinckney Cain,
Deceased, Appellee,

v.

John H. BEECHER, and Little John
Beecher & His Orchestra, Inc.,
Appellants.

No. 8641.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 1, 1962.

Decided Nov. 9, 1962.

J. W. Cabaniss, Charleston, S. C. (Hope & Cabaniss, Charleston, S. C., on brief), for appellants.

John W. Thomas, Columbia, S. C., and S. Henry Edmunds, Charleston, S. C. (Roberts, Jennings, Thomas & Lumpkin, Columbia, S. C., on brief), for appellee.

Before SOPER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge.

This is an action brought by the executrix of the estate of William Pinckney Cain against John H. Beecher, as an individual, and Little John Beecher and his Orchestra, Inc., a corporation. Jurisdiction of this Court is based upon The Diversity Statute. The plaintiff alleges that her testator lost his life as the result of negligence on the part of the defendants. There was a verdict for the plaintiff and the defendants appealed.

Several issues are suggested but they may be simply stated as involving the question of whether the court was in error in denying defendants' motion to set aside the verdict.

On March 2, 1960, the defendants were employed to provide the music for a dance sponsored by a church, held in the National Guard Armory at Georgetown, South Carolina. The members of the orchestra arrived at the armory travelling in a tractor and van-type trailer, owned by the corporate defendant. This was parked on the eastern side of the armory, near the building, in a driveway leading from Church Street. The tractor was headed into the driveway.

The testator Cain was a resident of Charleston, South Carolina, but at the time was working with a survey party of

the United States Army Corps of Engineers, near Myrtle Beach, some thirty miles north of Georgetown. He was married but was living apart from his wife. The couple had no children. On the evening of the occurrences related, he came to Georgetown to attend the dance.

During the evening Cain became seriously intoxicated and when the dance ended, some difficulty was experienced by the individual in charge in persuading him to leave the building in order that it might be closed.

At the conclusion of the dance, the defendant Beecher and other members of the orchestra, left the building and loaded into the trailer. After changing his clothes, the defendant Beecher, who was the driver of the outfit, prepared to enter the tractor to back the equipment into Church Street, the thoroughfare over which they were to travel. The tractor and trailer combined were about forty five feet long. One of the musicians, Robert Fisher, remained outside to guide the backing operation, the other members of the party being inside the trailer. At this time Cain approached the tractor and engaged Beecher in conversation. During the operation of backing into the street Cain returned on at least two other occasions and attempted to enter the tractor. On the last occasion, Beecher, having become impatient, cursed Cain who walked away. Beecher and Fisher testified that they last saw him in the area of the front door of the armory, a distance of some 80 to 100 feet. Fisher testified that during the process of backing he saw Cain on several occasions in the vicinity of the unit, and upon cross-examination testified that Cain "kept coming back and forth like a rubber ball, bouncing back and forth."

William Sarvis, a member of the police force of Georgetown, who was on duty that evening, left the armory at the conclusion of the dance and shortly afterwards, while on a regular patrol, found two boys changing a tire on a car on the south side of Church Street, a little west of the armory. He stopped to give them the benefit of the lights from his car and observed the tractor and trailer in its original position near the armory. He also saw the armory being closed and heard the engine of the tractor start. He heard cursing from the direction of the tractor, heard the engine stall and start again and saw Fisher directing the tractor into the street. He also saw Fisher go around to the right side of the trailer (which was nearer the armory) and then the outfit moved on.

After it had pulled away, Cain's body was found in the roadway with evidence of having been dragged a distance of some 46 feet beginning from a point ten feet south of the curb, the body being found on the dividing line between the westbound lanes. When the tractor was later examined, blood stains were found on the right rear inside of the tire in the tread. The defendants, upon being notified, promptly returned to the scene and it is conceded that Cain was killed by the outfit.

We find no error in the court's charge to the jury. The issues relating to primary negligence and contributory negligence correctly state the law. It is complained that the Judge improperly charged the jury on the doctrine of "last clear chance". That portion of the charge was based on Seay v. Southern Railway, 205 S.C. 162, 31 S.E.2d 133. Whatever term may be applied to the charge, we find no error in the action of the court respecting it.

But it is contended that there is no evidence of primary negligence justifying submission of that issue to the jury. We do not agree. Here we have a situation involving the movement of automotive equipment 45 feet long. The maneuver required a lookout in addition to the driver to give directions from the sides and rear. He was charged with keeping a reasonable lookout considering the conditions under which the movement was made. Both the driver and the lookout had full notice of the presence in the immediate vicinity of a man in a highly intoxicated condition who had repeatedly approached the vehicle and had insisted that he be allowed to enter it. This com-

plicated the movement and increased proportionately the duty of keeping a lookout. It is true that both the driver and the lookout testified affirmatively that when they last saw Cain he was directly in front of the entrance to the armory, some 80 to 100 feet distant. Obviously, Cain was not in front of the armory when the tractor pulled off. That was the important time. The lookout testified that he had shouted "all is clear" and entered the trailer at that time. The jury was justified in holding that before giving directions to proceed, the lookout should have known that Cain was not sufficiently near the outfit to be injured. As the trial judge concluded, the question of negligence was an issue for the jury. By their verdict they have held that the defendants were negligent and their negligence caused the death of Cain.

The judgment of the trial court was correct.

Affirmed.