**William George BIRNBAUM, Petitioner,**

v.

**Dr. J. D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. No. 14427-4.**

United States District Court
W. D. Missouri, W. D.

Oct. 29, 1963.

William George Birnbaum, pro se.

F. Russell Millin, U. S. Atty., by Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

This is a petition for writ of habeas corpus in which petitioner, an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, seeks release from custody contending that he is now legally sane although medically insane. He further alleges that contrary to the provisions of Title 18 U.S.C.A. § 4248, during his three year detention at the

**920**

Medical Center no attempt has been made to secure his transfer to a state institution.

■ At the present time a petition for writ of *habeas corpus* in this Court is not the proper method for petitioner to raise these issues. It does not appear from the mere fact of petitioner's detention for a three year period alone that petitioner has been detained an unreasonable length of time in view of the nature of the charge. (Petitioner is charged with a violation of Title 18 U.S. C.A. § 1201, an offense which carries a maximum penalty of death or imprisonment for life.)

■ Furthermore petitioner does not allege, and respondent affirmatively denies in his response to the order to show cause, that petitioner has made application to the committing Court for consideration of his present mental status. The committing Court has the duty to inquire from time to time into the mental status of persons committed by it. Johnson v. Settle (W.D.Mo.) 184 F.Supp. 103, l.c. 106. As a matter of discretion and comity, this Court should refrain from exercising its jurisdiction until the petitioner has shown that he has made application to the committing Court for consideration of his present mental status, and that that Court has unjustly refused such a consideration or that he is unable to obtain justice in the committing Court for some other reason. See Seelig v. United States (C.A. 8) 310 F.2d 243, l.c. 244, where the Court stated:

"* * * [T]he length of time that petitioner has been held is not yet such as to give rise on its face to any apparent neglect or disregard of petitioner's rights. This is not to say that circumstances may not at some time become such as prima facie to entitle petitioner to a hearing in habeas corpus. As the situation presently stands, however, without some request having been made to the * * * [committing court] * * * for a current consideration of petitioner's condition and a refusal by the Court to engage in such consideration as may be legally appropriate in relation to the circumstances, there is not sufficient basis for petitioner to seek a writ of habeas corpus from the District Court for the Western District of Missouri."

See also Johnson v. Settle (C.A.8) 310 F.2d 349; Smith v. Settle (W.D.Mo.) 211 F.Supp. 514; Barfield v. Settle (W. D.Mo.) 209 F.Supp. 143; Higgins v. Mc-Grath (W.D.Mo.) 98 F.Supp. 670.

It is therefore

Ordered that the petition for writ of *habeas corpus* on file herein be, and the same is hereby, denied without prejudice to renewal thereof if petitioner is unable to secure relief in the committing Court.