Charles Clifford MOORE, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 17637.

United States Court of Appeals Eighth Circuit.

April 7, 1964.

Rehearing Denied April 28, 1964.

Charles Clifford Moore, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Under our policy that collateral attacks upon convictions and sentences should, in the public interest, not be left standing open, the appeal pending from the filing of notice of appeal to the District Court's denial of appellant's motion to have a sentence against him vacated will be permitted to be docketed without payment of fee, and the appeal will then be dismissed as frivolous.

The motion to vacate was in the nature of an application for a writ of error coram nobis, since it was an attempt to reach at a sentence which appellant had served. His reason for seeking to have the sentence vacated was that it had been used under the Kansas Habitual Criminal Act as a basis for increasing the punishment against him on a Kansas offense.

The attack made was that the Court had not granted appellant allocution at the time of his sentencing. Rule 32(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., contains the prescription that, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment".

The right to allocution is in the federal system regarded as a substantial right, and failure to accord it would perhaps entitle a defendant to have his sentencing proceedings reversed through an appeal. But failure to have complied with the provisions of Rule 32 (a) as to allocution in some individual case does not of itself make the sentence imposed void so as to leave it open to collateral attack by a motion to vacate under 28 U.S.C.A. § 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Even less would there seem to be basis legally to allow reach to be made at such a sentence through error coram nobis where, as here, no attack is made upon the conviction underlying the sentence but only upon the sentence, and the sentence itself has been served. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 has no application to the situation.

Appeal docketed and dismissed.