Joseph G. ARCO, Petitioner,

v.

Dr. P. J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 15534–3.

United States District Court
W. D. Missouri, W. D.

Nov. 9, 1965.

Joseph G. Arco, pro se.

F. Russell Millin, John Harry Wiggins, Kansas City, Mo., for respondent.

BECKER, Chief Judge.

This is a petition for a writ of *habeas corpus* filed by an inmate confined in the Medical Center for Federal Prisoners at Springfield, Missouri.

Petitioner's complaints, briefly summarized, are (1) that he was deprived of due process before a United States Commissioner; (2) that he has been imprisoned without arraignment and trial; (3) that he was denied due process at a hearing to determine his mental condition because (A) the testimony and written report of the psychiatrist who testified at the hearing in respect to petitioner's mental condition were false, and (B) because petitioner was not allowed to testify at the hearing. The relief sought by petitioner is release from custody. He has not asked this Court to make any determination of his mental condition, although he contends that he is "sane".

Respondent was ordered to show cause why the petition should not be granted. Attached to the response to that order are certified copies of records of the United States District Court for the Western District of Michigan, Northern Division. These records show that on February 2, 1965, a Complaint against petitioner was sworn to before a United States Commissioner by John B. Taylor, Special Agent, United States Secret Service. The Complaint alleges that petitioner violated Section 1463 of Title 18, U.S.C., on or about December 15, 1964, by mailing a letter containing indecent, lewd, and obscene language to "L. B. Johnson—Chief, 100 Pennsylvania Avenue, Washington, D. C."

The Commissioner issued a warrant of arrest dated February 2, 1965.

Petitioner states that he was arrested on March 3, 1965, in Duluth, Minnesota; that he was taken before a United States Commissioner in Minnesota on March 4, 1965; that on March 18, 1965, at a hearing before that Commissioner, he was informed by the Commissioner that he "was being sent to Marquette, Michigan, for hearing and trial."

A motion and a petition were filed by the United States Attorney in the Western District of Michigan, Northern Division. Both are dated March 26, 1965. The motion recited that the United States Attorney had reasonable cause to believe petitioner was unable to "understand the proceedings against him and to properly assist at his own defense", and requested that a determination of petitioner's mental competency be made pursuant to Section 4244 of Title 18, U.S.C. The ground stated for that belief was irrational behavior of the petitioner in the presence of an Assistant United States Attorney. The petition requested that counsel be appointed to represent petitioner.

The court, by orders dated March 29, 1965, appointed a psychiatrist to determine the mental condition of petitioner and report his findings in writing to the court, and appointed an attorney to represent petitioner.

By order dated April 5, 1965, a hearing for the purpose of determining the mental condition of the petitioner was set for April 7, 1965.

The order entered by the court at the April 7, 1965, hearing states:

' * * * [The] defendant Joseph G. Arco, upon due notice and being represented by counsel appointed by the court, was brought into court for a hearing as to his mental competency. After consideration of the written report of Dr. David R. Wall, the psychiatrist appointed by the court, and after hearing and considering the testimony of said psychiatrist as to the mental condition of the defendant, the court in pursuance of Title 18, United States Code § 4244, makes the following findings:

"The court finds that the defendant is presently insane and mentally incompetent to understand the criminal proceedings pending against him or properly to assist in his own defense in such proceedings.

"Therefore, the court in pursuance of Title 18, United States Code, § 4246, hereby ORDERS:

"That the defendant Joseph G. Arco be committed to the custody of the Attorney General of the United States or his authorized representative to be retained in custody until he shall be mentally competent to answer to the

charges against him or until the pending charges against him have been disposed of according to law."

The first question which should be answered is whether this Court should reach the merits of the issues raised in the petition for *habeas corpus*. If petitioner has an ordinary, adequate, effective remedy, this Court should, in the exercise of its discretion, withhold the extraordinary remedy of *habeas corpus* without passing on the merits. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

It is noted that petitioner does not have a statutory remedy under Section 2255 of Title 28, U.S.C., because he is not *"in custody under sentence* of a court established by Act of Congress." Pavlick v. Settle (W.D.Mo.) 203 F.Supp. 42, 43. However, petitioner has an ordinary remedy in the committing court independent of Section 2255.

At this time petitioner may file in the committing court one or all of the following motions, among others:

(1) motion for a determination that the petitioner is now mentally competent to understand the proceedings against him and properly to assist in his defense, and for a hearing on this issue;

(2) motion for a speedy trial on the same grounds;

(3) motion for an order to be returned to the committing court for a hearing on all motions filed and undetermined, asserting present competency as in (1) above;

(4) motion to vacate the order of commitment on the ground that it was erroneously entered;

(5) motion for appointment of counsel or direction to previously appointed counsel to represent petitioner.

Because petitioner is in custody pursuant to Sections 4244 and 4246 of Title 18, U.S.C., he is a ward of the committing court and that court has continuing jurisdiction to adjudicate the issues raised by petitioner in this proceeding. Cf. Seelig v. United States (C. A.8) 310 F.2d 243.

The committing court also has a duty to inquire from time to time into the mental status of persons committed by it under Section 4246. Birnbaum v. Harris (W.D.Mo.) 222 F.Supp. 919 and authorities therein cited.

Having concluded that petitioner has an ordinary remedy in the committing court, the question of whether that remedy is adequate and effective remains for determination. Cf. Spaulding v. Taylor (C.A.10) 336 F.2d 192.

In a letter to this Court dated October 8, 1965, petitioner stated in part:

"I tried to file a motion in Western Michigan Court, at Marquette. I sent them many many letters. They told me to file in Missouri.

\* \* \* \* \* \*

"I kept writing to Marquette Court asking them if I could make a motion or pleading in their court. They will not answer or say one way or the other."

Attached to a supplemental response to the show cause order is the certificate of the Clerk of the committing court which states:

"I, Howard T. Ziel, Clerk of the United States District Court for the Western District of Michigan, do hereby certify that the files and records in my office show that defendant Joseph G. Arco has not filed any petition for release or attempted to file any such action in this District, since April 7, 1965, to this date."

The letter of petitioner does not state the nature of the motion he tried to file in the committing court, nor does he state the relief he requested or the grounds on which he based his requests. The letter does not state to whom the motion was sent and it does not state who advised him to "file in Missouri". It cannot be said from petitioner's letter

that petitioner has demonstrated that he has been refused the right to institute a proper proceeding in the committing court or that the committing court has improperly refused to consider the issues which petitioner submits for adjudication in this proceeding.

On the other hand, the certificate filed by respondent in support of his contention that this Court should not entertain this petition for *habeas corpus* because petitioner has failed to apply to the committing court for relief, is not comprehensive. It would not be profitable to discuss how many types of motions, applications or petitions petitioner could have filed or attempted to file in the committing court which would not be encompassed by the certificate that petitioner has not filed or attempted to file a "petition for release".

■ Since petitioner has not demonstrated or shown that he does not have an ordinary, adequate and effective remedy in the committing court, and since any refusal to permit filing of a motion or application for relief is not final or conclusive (Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, petitioner is advised that he should file appropriate motions for relief in the committing court similar to those described in paragraphs (1), (2), and (3) on page 349 of this order, and at his option those described in paragraphs (4) and (5) thereafter. If petitioner is denied a hearing or relief on any of those motions, he should appeal to the Court of Appeals for the Sixth Circuit if he desires review of the adverse decisions.

Only if the above described steps are taken, or some exceptional circumstances are shown impairing the ability of petitioner to take those steps, will consideration be given to adjudicating in a subsequent proceeding the merits of the issues here raised by petitioner.

For the reasons stated above, it is hereby

Ordered that the petition for a writ of *habeas corpus* be, and it is hereby, dismissed without prejudice. It is further

Ordered that the numerous letters which petitioner has written to this Court, many of which are obscene or scurrilous, or both, be placed in the files of this cause under seal. It is further

Ordered that the seal on those letters is not to be broken except upon further order of Court.