Joseph G. ARCO, Appellant,

v.

Dr. P. J. CICCONE, Director, Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.

No. 18248.

United States Court of Appeals
Eighth Circuit.

April 29, 1966.

Before JOHNSEN and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

PER CURIAM.

The appeal is from an order of the District Court for the Western District of Missouri dismissing without a hearing a petition for a writ of habeas corpus. We affirm.

Appellant is under a charge in the Western District of Michigan of violating 18 U.S.C. § 1463, in having deposited in the mails a letter addressed to "L. B. Johnson—Chief, 100 Pennsylvania Avenue, Washington, D. C.", the envelope of which contained indecent, lewd, and obscene language. He is presently confined in the Medical Center for Federal Prisoners, Springfield, Missouri, on the basis of an order by the District Court for the Western District of Michigan, under 18 U.S.C.A. § 4246, committing him to the custody of the Attorney General "until he shall be mentally competent to answer the charges against him or until the pending charges against him have been disposed of according to law". The order was made after a hearing, determination and finding by the Court, under 18 U.S.C.A. § 4244, that appellant was "presently insane and mentally incompetent to understand the criminal proceedings pending against him or properly to assist in his own defense in such proceedings".

In his habeas corpus petition, appellant asserts that he is "sane" and contends that he therefore is entitled to be released from the commitment made of him and the confinement to which he is being subjected on the basis thereof. The District Court properly held that this was a question in the first instance for the court in which the charge against him was pending and by which the commitment order was made, and that his petition for habeas corpus relief was not required to be entertained since it was not shown, nor did it otherwise appear, that resort to that court, by an appropriate motion, would not provide an adequate and effective remedy for the granting of

Joseph G. Arco, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

such relief, if any, to which he might be legally entitled. This is in accord with our holdings in Posey v. Attorney General of United States, 298 F.2d 604, 605 (8 Cir., 1960); Seelig v. United States, 310 F.2d 242, 244 (8 Cir., 1962); and Johnson v. Settle, 310 F.2d 349 (8 Cir., 1962), cert. den. 372 U.S. 979, 83 S.Ct. 1114, 10 L.Ed.2d 144.

What we said in Johnson v. Settle, 310 F.2d at 349, covers both the factual and the legal situation here involved:

> "The District Court for the Western District of Missouri, after ordering a response to be made on the part of appellee, so that the record situation would be brought before it, denied the application for a writ without a hearing, on the ground that on the situation so shown there was no basis for appellant to ask to have a writ of habeas corpus issued. No attempt had been made by appellant to apply to his committing court for a hearing on the question of his present competency and to have that court rule upon whether in relation to § 4244 any such apparent possibility was shown as to entitle appellant to such a hearing."

■■ The habeas corpus petition further alleges that appellant's commitment and confinement are illegal because he has never been arraigned or tried, and also because he was not permitted to testify at the hearing on his mental competency in which he was represented by appointed counsel. Section 4244 does not require that a defendant must be brought to arraignment before there is a right to cause him to be examined as to his mental condition: it authorizes the court to have an examination made and to engage in a hearing and determination as to his mental condition at any time "after arrest". And, of course, from the nature of the situation, whether the defendant shall be called upon or permitted to testify at the hearing is necessarily a matter for the discretion of the court.

■ A contention also is made to the effect that appellant is entitled to have the criminal charge against him dismissed and to be released from his confinement, because of the delay, the treatment accorded him, and the inadequacy of the proceedings before a Commissioner in the District of Minnesota, where he was arrested, as related to authorizing of his return to the Western District of Michigan under the warrant of arrest issued on the complaint against him there. These were not matters which would cause the criminal charge to become void, so as to create a legal vacuum, and thus leave the District Court for the Western District of Michigan without jurisdiction to engage in any proceedings. The commitment and confinement made of appellant under §§ 4244 and 4246 could therefore not be contended to constitute a legal nullity.

■ While we have attempted to demonstrate to appellant that there is no basis in his situation for seeking habeas corpus relief, we would have been entitled simply to make dismissal of the appeal, for the reasons (1) that the question of his right to have his mental competency re-examined and presently considered is now moot; and (2) that his other contentions are all frivolous. As to the matter of mootness, it is shown by the briefs of both appellee and appellant that the District Court for the Western District of Michigan has recently engaged in a re-examination and a hearing as to appellant's current mental condition, which has not yet been fully completed. Thus the question of his mental competency is being subjected to all the judicial process which he has any present right to seek.

Affirmed.