Flynn JONES, Petitioner,

v.

STATE OF TENNESSEE et al., and the Warden, Tennessee State Penitentiary, Respondents.

Civ. A. No. 1225.

United States District Court
W. D. Missouri,
Central Division.

Sept. 22, 1967.

Flynn Jones, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, Jefferson City, Missouri, has filed a petition for a writ of federal habeas corpus, and for leave to proceed in forma pauperis to contest the validity of a Tennessee judgment of conviction and imposition of sentence and the subsequent filing of a detainer against him by the State of Tennessee. Leave to proceed in forma pauperis will be granted.

Petitioner does not state why he is imprisoned in the Missouri State Penitentiary. He is not contesting his confinement in the State of Missouri. Petitioner does state that he was convicted by the "Circuit Court, Division No. 2, Shelby County, Memphis, Tennessee"; that that court sentenced him in October, 1951 to "four five-to-fifteen year terms to be served consecutively"; that he entered a plea of guilty and did not appeal from the judgment of conviction or the imposition of sentence; that he sought a. writ of state habeas corpus in the "Circuit Court, Davidson County, Nashville, Tennessee" but that the writ was denied on August 18, 1964; that he appealed the denial of the writ to the Tennessee Supreme Court on June 2, 1967, and it too was denied; and that he was not repre-

sented by counsel at his arraignment and plea but was represented by counsel at his sentencing and at the state habeas corpus proceedings.

Petitioner bases his petition for a writ of federal habeas corpus on the following allegations:

(1) "Denial of counsel at police interrogation, denial of the right to contact family or friends, and coerced and involuntary plea, contrary to the Sixth and Fourteenth Amendments * * *."

(2) "Violation of the guarantee against unreasonable searches and seizures * * *."

(3) "Violation of the right to be informed 'of the nature and cause' of the accusation against him * * *."

(4) "Denial of the right to the assistance of counsel at preliminary hearing * * *."

(5) "Denial of the right to the 'effective' assistance of counsel at trial * * *."

Petitioner further states that this petition has been filed to determine the "legality of a Tennessee judgment * * for which petitioner has served eleven years and has a detainer against him for twenty years pending in the State of Tennessee."

■ From the foregoing, it is readily apparent that the petitioner is requesting this Court to determine the legality of the Tennessee judgment of conviction and imposition of sentence for which the detainer against him was entered. The petitioner is neither in custody under the Tennessee sentence nor under the Tennessee detainer request at the present time. Therefore, the petitioner does not have standing at this time to challenge the legality of the Tennessee sentence. § 2241(c) (3), Title 28, U.S.C.; Stubenrouch v. Sheriff of St. Louis County, Clayton, Missouri (W.D.Mo., 1966), 260 F.Supp. 910; State of Tennessee ex rel. Ford et al. v. Morris, (W.D.Tenn., 1965) 236 F.Supp. 780. Therefore, the petition for habeas corpus should be dismissed without prejudice.

■■ Treating the petition herein as a request for relief in nature of *coram nobis* it should be denied, because petitioner has an adequate remedy by way of federal habeas corpus (and perhaps state post-conviction remedies) to challenge the Tennessee conviction and sentence when he is taken into custody thereunder. Furthermore *coram nobis* is available, if at all only in the court which rendered the judgment complained of. 7 Moore ¶ 60.14; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Booker v. State of Arkansas (C.A.8, 1967) 380 F.2d 240. Therefore, this Court should not undertake to review the Tennessee conviction for the reason, among others, that an adequate remedy for such review by the federal courts will be available when petitioner is in custody under the Tennessee sentence. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Booker v. State of Arkansas (C.A.8, 1967) 380 F.2d 240. It should be noted that this is not a case where it is alleged that the sentence the petitioner is now serving was based on the validity of the Tennessee conviction, as in the case of an habitual offender. Cf. Moore v. United States (C.A.8) 329 F.2d 821, cert. den. 379 U.S. 858, 85 S.Ct. 114, 13 L.Ed.2d 61; United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

■ Treating the petition as a suit for declaratory judgment the remedy is not available in this Court for many reasons. Booker v. State of Arkansas (C.A.8, 1967) 380 F.2d 240.

It is noted, however, that before this Court would proceed to determine the merits of petitioner's claims it would review the adequacy and effectiveness of the remedies available to the petitioner under the jurisprudence of Missouri and Tennessee; and would further review the question whether the United States District Court for the Western District of Tennessee is the appropriate court to entertain proceedings to review the Tennessee conviction.

For the foregoing reasons, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition be, and it is hereby, denied without prejudice.