**Charles Steward MAST, Petitioner,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 16953-3.**

United States District Court
W. D. Missouri, W. D.

July 30, 1968.

Charles Steward Mast, pro se.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, an unconvicted inmate of the United States Medical Center for Federal Prisoners, Springfield, Missouri, petitions for federal habeas corpus and for leave to proceed in forma pauperis.

Leave to proceed in forma pauperis will be granted.

Petitioner states that he does not know if he was indicted; that he has not been tried and convicted of any crime; that he is not under sentence at the present time; and that he was represented by counsel at his arraignment and plea.

The grounds on which petitioner bases his claim of unlawful confinement are that he was refused to be indicted by the grand jury; that he has had four different trial settings but still hasn't been tried; that after the first trial setting was vacated, the charges against his co-defendant were dropped; that his sanity hearing was not legal; that he did not have an opportunity to consult with or to be examined by a doctor of his own choice before the sanity hearing; and that he was not in the "Judges presents the P number was put on me" (sic).

From the official files and records in this case, it appears that on November 24, 1967, the petitioner and his counsel executed a waiver of indictment and consented to the filing of an Information in the United States District Court for the Eastern District of Missouri charging petitioner with a violation of Section 2313, Title 18, U.S.C. (Sale or receipt of stolen vehicles); that petitioner plead not guilty to the charge stated in the Information; that after two trial settings were vacated, petitioner's counsel, by oral motion, requested a psychiatric examination of petitioner which was granted; that on March 5, 1968, an evidentiary hearing was held under Section 4244, Title 18, U.S.C.; and that after considering the written report and oral testimony of Dr. Paul A. Dewald, a psychiatrist, and the statements of counsel, petitioner was found to be mentally incompetent to stand trial and was committed to the custody of the Attorney General under Section 4246, Title 18, U.S.C.

Petitioner does not have a statutory remedy under Section 2255, Title 28, U.S.C., because he is not "in custody under sentence of a court established by Act of Congress." Pavlick v. Settle (W.D.Mo., 1962), 203 F.Supp. 42, 43, and authorities cited therein.

However, if petitioner has an ordinary, adequate, and effective remedy in the committing court (the United States District Court for the Eastern District of Missouri), this Court should, in the exercise of its discretion, dismiss the petition for the extraordinary remedy of habeas corpus without passing on the merits. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Arco v. Ciccone (W.D.Mo.,1965), 252 F. Supp. 347, affirmed (C.A.8, 1966) 359 F. 2d 796.

Petitioner does have ordinarily effective remedies in the committing court (the United States District Court for the Eastern District of Missouri) independent of Section 2255. Presently, petitioner may file, among others, one or more of the following motions, in the committing court:

(1) motion for a speedy determination that the petitioner is now mentally competent to understand the proceedings against him and to properly assist in his defense, and for a hearing on the issue;

(2) motion for a speedy trial on the same grounds;

(3) motion for an order to be returned to the committing court for a hearing on all motions filed and undetermined, asserting present competency as in (1) above;

(4) motion to vacate the order of commitment on the ground that it was erroneously entered; and

(5) motion for appointment of counsel or direction to previously appointed counsel to seek an adjudication of petitioner's claims herein in the committing court.

The petitioner further has the right to seek review by extraordinary writ or by appeal of any failure to act or any

458

denial of relief to the petitioner by the committing court.

■ Because petitioner is in custody pursuant to Sections 4244 and 4246, Title 18, U.S.C., he is a ward of the committing court and that court has continuing jurisdiction and the continuing duty to inquire from time to time concerning petitioner's mental competency and to adjudicate the issues raised by petitioner in this proceeding. Cf. Seelig v. United States, (C.A.8, 1962) 310 F.2d 243.

Petitioner has not alleged nor shown that he has sought the relief requested here in the committing court, and he has not alleged nor shown that he does not now have an adequate or effective remedy in the committing court or in the Court of Appeals. No prior or subsequent refusal of the committing court will bar the filing of a new motion or application for relief in the committing court for such refusal is not final or conclusive. Cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148. Further, petitioner may seek review of denial of, or failure to act on any such motion, in the Court of Appeals for the Eighth Circuit.

Moreover, petitioner may file one or more appropriate motions for relief in the committing court including those similar to those described in paragraphs (1) through (5) above. He may prosecute his efforts to secure review of the original order of commitment in the Court of Appeals for the Eighth Circuit.

If petitioner is denied a hearing or relief on any of the motions described in paragraphs (1), (2), and (4) which he may file, he may seek review of any adverse decisions in the Eighth Circuit Court of Appeals. Arco v. Ciccone, supra; Jones v. State of Tennessee, (W. D.Mo.,1967) 279 F.Supp. 553.

In the absence of exceptional circumstances, not alleged to exist in this case, impairing the ability of petitioner to secure an adequate or effective determination of his claims, this Court will not in a subsequent proceeding determine the merits of the contentions of the petitioner.

For the reasons stated above, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of habeas corpus herein be, and it is hereby, dismissed without prejudice.