Isaiah HENRY, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 18291-3.

United States District Court,
W. D. Missouri, W. D.

June 1, 1970.

Isaiah Henry, pro se.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, an unconvicted inmate of the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus to transfer him to a state hospital in the state of his residence and to correct some of the conditions of his confinement which he alleges are contrary to his federally protected rights. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was indicted in the United States District Court for the Western District of Washington on a charge of violating Section 2113 of Title 18, United States Code (bank robbery); that thereafter he was committed to the Medical Center under the provisions of Section 4244 and Section 4246 of Title 18, United States Code; that he did not seek review of the orders of commitment; that he has filed no prior petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction; and that he was represented by counsel at his arraignment and plea.

Petitioner states the following as grounds for his contention that the conditions of his confinement are in violation of his federally protected rights:

"(a) The Federal Medical Center is physically and administratively a penal institution and not a hospital; it lacks both the proper facilities to staff and treat mental patients.

"(b) My confinement here is strictly custodial and contra-indicated for the correction of my mental illness. I have no business being confined in a penal institution without a trial.

"(c) I have had to sign agreement by which my mail is censored. I also have to sign a paper stating I will work."

Petitioner states the following as "facts" in support of the above contentions:

"These coerced agreement[s] violate my rights to freedom of speech * * an insane person cannot legally make agreement nor waiver (sic) constitutional rights.

"I was examined on Nov. 15, 1969, in Yakima County Jail by Doctor Neal McCarthy and subsequently was found by the cort (sic) to be mentally incompetent to even date now. I have received no treatment in any way to correct my mental illness. This raise[s] due process of law.

"I am asking this cort (sic) to issue a show cause order to the respondent for him to show cause if any he has within ten days of why I should not be released to the coustody (sic) of the chief probation officer or the United States Marshall (sic) with the instruction to take and put me into the State Hospital in the State of Texas where I am a residence (sic)."

Since, viewed in the light most favorable to petitioner, liberally, in accordance with the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, petitioner's allegations may have stated his right to transfer to a state hospital and to be free of involuntary servitude, the show cause order of this Court issued on April 23, 1970. Respondent's response was filed on May 12, 1970. Therein, respondent averred that petitioner was committed to the Medical Center on November 25, 1969, by the United States District Court for the Eastern District of Washington, pursuant to the provisions of Section 4246, Title 18, United States Code, "until the said defendant is mentally competent to stand trial or until

the criminal charges are disposed of according to law; that the psychiatric staff at the Medical Center has not yet made any recommendation of competency and that the petitioner might be found competent to stand trial at some time in the near future; that petitioner signed an "Authorization for Disposition of Mail and Property" authorizing the respondent "to open and examine all mail matter and express or other packages which may be directed to my address"; that such signature was obtained under so much of Section 4042, Title 18, United States Code, which gives the Attorney General discretion to "provide for the protection, instruction, and discipline of all persons *charged with,* or convicted of offenses against the United States, or held as witnesses or otherwise"; that such agreement constitutes "reasonable precautions to effectuate that care and custody, including the preservation of the security and good order of the institution to which petitioner was validly committed"; that "the inspection of petitioner's incoming mail for contraband, or possible plans of escape, is a necessary and reasonable incident of petitioner's commitment to the custody and care of the Attorney General, and is a precaution which is reasonably related to the purpose of insuring the security and good order of the institution" (citing Parks v. Ciccone (W.D.Mo.) 281 F.Supp. 805, 813); that the form signed by petitioner in respect of work fully informed him of his right not to work and thus his signature thereon constituted a knowing and voluntary waiver of the right; that inmates who do not sign the waiver are permitted all normal privileges and no punitive action is taken against them under Policy Statement H–7300.21, dated September 29, 1967, of respondent; and that the work agreement form is not binding on any inmate and is not regarded as binding by the Medical Center, but rather "merely provides an indication that the particular inmate had been advised that he need not work as [an] unconvicted individual."

Petitioner's traverse to the response was filed on May 18, 1970. Therein, he stated that his traverse was "against all things that the respondent will or has filed"; that he should be allowed to "wright (sic) my attorney, Distric cort (sic) ornible (sic) Judges without this corespondant (sic) to be examined"; and that the inspection of his mail for possible escape plans was not reasonable inasmuch as visiting privileges were allowed inmates and such communication might as well as mail, provide opportunities for exchanging escape plans. Petitioner did not otherwise deny any of the factual averments of respondent's response.

 Insofar as the petition herein states petitioner's right to be committed to a state hospital in the state of his residence, the petition herein should be dismissed without prejudice to his adequate and available remedies in the *committing court.* Petitioner has not been in the Medical Center for an overlong period of time under his Section 4246 commitment. Further, he may be found competent in the future to stand trial. In such circumstances, as a matter of discretion and comity, the district court of the district wherein petitioner is confined should refrain from exercising habeas jurisdiction until petitioner has shown that he has made an application to the committing court for a determination of his competency. See Birnbaum v. Harris (W.D.Mo.) 222 F. Supp. 919. For the purpose of presenting the question of his competency to the committing court, petitioner may file in that *court* one or more of the following motions, among others:

(1) motion for a determination that the petitioner is now mentally competent to understand the proceedings against him and properly to assist in his defense, and for a hearing on this issue;

(2) motion for a speedy trial on the same grounds;

(3) motion for an order to be returned to the committing court for a

hearing on all motions filed and undetermined, asserting present competency as in (1) above;

(4) motion to vacate the order of commitment on the ground that it was erroneously entered;

(5) motion for appointment of counsel or direction to previously-appointed counsel to represent petitioner.

See Arco v. Ciccone (W.D.Mo.) 252 F. Supp. 347, affirmed (C.A. 8) 359 F. 2d 796.

Further, petitioner can and should move, under Royal v. Settle (W.D.Mo.) 192 F.Supp. 176, for a hearing in the committing court to determine whether petitioner should be committed under the provisions of Section 4247, Title 28, United States Code, or whether the charges against him should be dismissed and petitioner committed to a state hospital in the state of his residence. The committing court retains jurisdiction of petitioner and is under a duty to inquire from time to time into the mental status of persons committed by it under Section 4244 and 4246. Birnbaum v. Harris, *supra,* and authorities cited therein.

■■■ Further, petitioner has the right to seek review by extraordinary writ or by appeal of any failure to act or any denial of relief to the petitioner by the committing court. Arco v. Ciccone, *supra;* Jones v. Tennessee (W.D.Mo.) 279 F.Supp. 553. And no prior nor subsequent refusal of the committing court to grant relief will bar the filing of a new motion or application for relief in the committing court for such refusal is not final or conclusive. Cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. After each refusal of relief upon motions (1), (2) and (4), the right of review again exists.

■■■ Petitioner's allegations of involuntary servitude are without merit when he has failed to deny respondent's allegations that the agreement was knowingly and freely signed by petitioner; that it is not regarded as binding on petitioner; and that petitioner may cease working at any time and not be punished for it.

■■■ Petitioner's contentions regarding the inspection of his mail have been dealt with previously upon the nearly-identical contentions of the petitioner in Ragan v. Ciccone (W.D.Mo.) Civil Action No. 17488–3. In that case, the Court held that control of the mail to and from prisons is a proper function of penal administration. As respondent has noted, regulation of persons charged with crimes by the Attorney General is authorized under Section 4042, Title 18, United States Code. While the unconvicted retain all their civil rights while confined prior to trial, some regulation of their activities while in confinement is justified by their program of medical treatment and other grounds applicable to mental institutions. Tyler v. Ciccone (W.D.Mo.) 299 F.Supp. 684, 687. The inspection of mail is necessary to the security and maintenance of order among unconvicted persons in the Medical Center and does not deny petitioner any of his federal rights. Petitioner's reference to the opportunity for exchanging escape plans is irrelevant to this matter when the inspection of mail has been concluded to be within the statutory powers of the respondent and consistent with petitioner's constitutional rights.

For the foregoing reasons, it is

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.