Isaiah **HENRY**, Appellant,

v.

**Dr. P. J. CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.

No. 20422.

United States Court of Appeals, Eighth Circuit.

April 15, 1971.

---

Robert Popper, Associate Professor of Law and Director, Legal Assistance to Inmates Clinic, University of Missouri-Kansas City, Kansas City, Mo., for appellant.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before CLARK, Associate Justice,* MATTHES, Chief Judge, and BRIGHT, Circuit Judge.

CLARK, Associate Justice.

Isaiah Henry, the appellant, was committed to the Federal Medical Center on November 25, 1969, for observation and report as to whether he was mentally competent to stand trial on charges of bank robbery pending against him in the Eastern District of Washington. The order committed him "until the said defendant is mentally competent to stand trial or until the criminal charges are disposed of according to law." 18 U.S.C. § 4246.

He was admitted to the F.M.C. on December 19, 1969, almost a month later, and his admission summary dated December 24, 1969, records a normal physical condition with recommended psychiatric observation and regular work duty. A psychiatric examination report dated January 5, 1970, indicates that he is housed in the acute treatment unit because "of his inappropriate and personally distracted manner." Appellant, the report recites, "showed no appropriate concern for the facts of his present situation." The diagnosis was "schizophrenic reaction—acute undifferentiated type." The second psychiatric examination was dated March 30, 1970, and the report was that he had "functioned satisfactory" since being at the F.M.C. and that his behavior indicated no symptoms that would lead to a recommendation of incompetency. It was estimated that he should receive psychological examination and review in 3–6 months and if his condition continued the recommendation would be that he return to court for further adjudication—probably competent. The diagnostic impression was "personality trait disturbance, schizoid personality."

On April 20, 1970, Henry filed this habeas corpus application alleging that the F.M.C. was physically and administratively a penal institution and not a hospital, lacking both the proper facilities to staff and treat mental patients. He complained that his confinement at the F.M.C. was strictly custodial and had been without the administration of any medical treatment whatever. He requested that he be released to the proper authority for placement in a state hospital for treatment in the State of Texas, where he resided. The application was denied on June 1, 1970, without a hearing, on the ground that any application for commitment to a state institution should be addressed to the committing court in the State of Washington. The court failed to pass upon the question of treatment. 315 F.Supp. 889 (W.D.Mo. 1970).

---

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

On June 19, 1970, a second medical report was issued by the F.M.C. expressing the opinion "that the patient could return to court with the recommendation that he be adjudicated as competent." Despite this recommendation, appellant was not returned to the committing court until January 31, 1971—a period of over 6 months—and then only on our order.

The reason given for the delay is that the appellant had appealed the denial of his habeas corpus application. Indeed, a Deputy United States Marshal requested custody of appellant on September 10, 1970, which was almost 3 months after the medical finding of the 19th of June, but custody was refused by the United States Attorney on the ground aforesaid. Thereafter in October and December, 1970, the F.M.C. requested the advice of the United States Attorney as to appellant's status and as to when he might be returned to the committing court. The United States Attorney not only failed to reply but also made no move in the District Court or here to effect such removal, until the case came on for argument on January 19th, 1971. We entered a return order the next day. The United States Attorney admits to "a regrettable delay" and promises that "assiduous efforts will be made to avoid such delays in the future." But this is not enough. The records of this court are filled with such delays. Only the other day—March 17th—in Guy v. Ciccone, 8 Cir., 439 F.2d 400, Guy was held at the F.M.C. for 89 days, although he was "a normal physically and mentally healthy youngster" and was found so to be 3 days after his admission. These cases are stacking up and show a shocking callousness to the rights of the inmates at the F.M.C.

The Great Writ serves as an empty gesture, for as soon as the application is filed the F.M.C. may determine the inmate physically and mentally sound. The Congress intended that the F.M.C. return an inmate immediately to the committing court upon completion of its evaluation. The United States Attorney

and the Bureau of Prisons must make certain that this is done. If a proceeding is pending in the district of the F.M.C. the United States Attorney must file an application forthwith to effect the transfer.

Again and again we have recognized that the F.M.C. is a penal institution and that one confined there suffers incarceration. See the list of cases in Guy v. Ciccone, supra. It is intolerable that one who is presumed innocent and who has been found competent to stand trial is detained at the F.M.C. for inordinate and indefensible periods of time. Likewise, in an appropriate case, a patient, such as Isaiah Henry, assigned by a committing court to the F.M.C. should be entitled to a hearing upon the merits of his claim for release from unlawful incarceration by the habeas court. The generally salutory rule of Arco v. Ciccone, 252 F.Supp. 347 (W.D.Mo.1965), aff'd, 359 F.2d 796 (8th Cir. 1966), which directs that such petition for relief be submitted to the committing court, cannot apply universally to every situation, particularly when the committing court cannot or will not afford a convenient forum for the hearing of the issue. See Wieter v. Settle, 193 F.Supp. 318 (W.D.Mo.1961); Cf. Guy v. Ciccone, supra.

This court questions the commitment of the accused to such an institution under such conditions and again suggests that in exercising their discretion District Judges consider carefully the advisability of commitment to local medical facilities where available and adequate.

The United States Attorney suggests that this case is now moot because of the belated finding of competency and our order to transfer. Once again an accused has been deprived of his rights under the Great Writ. However, we have no choice but to dismiss. See Ayers v. Ciccone, 431 F.2d 724 (8th Cir. 1970) and Harper v. Ciccone, 434 F.2d 247 (8th Cir. 1971). However, unless the situation is corrected there

will be another day in which we will have the power to act.

We are grateful for the assistance rendered us by the Legal Assistance to Inmates Clinic of the University of Missouri-Kansas City School of Law.

Dismissed.

Byrne, District Judge, dissented and filed opinion.