**William R. KELLAR, Appellant,**

v.

**Dr. P. J. CICCONE, Appellee.**

**No. 20540.**

United States Court of Appeals, Eighth Circuit.

May 6, 1971.

William R. Kellar, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

PER CURIAM.

This case presents us with facts and circumstances nearly identical to those we considered in Henry v. Ciccone, 440 F.2d 1052 (8th Cir. 1971). For the reasons enunciated in that case, we dismiss this appeal.

Kellar, an unconvicted person, was assigned on April 23, 1968, to the Federal Medical Center at Springfield, Missouri, for treatment until found to be mentally competent, pursuant to the provisions of

---

* Of the First Circuit, sitting by designation.

18 U.S.C. § 4246. In his habeas petition, he alleged that the Medical Center had failed to provide him with proper treatment for his "incurable" mental illness. He requested that he be released from the Medical Center and placed in a state hospital where he might receive adequate psychiatric treatment. Upon the district court's denial of his petition, Kellar brought this in forma pauperis appeal.

Here, as in the *Henry* case, the record discloses that after petitioner's habeas corpus application was denied, the Federal Medical Center determined that he had regained his competency and was capable of standing trial. On about July 15, 1970, fifteen days after the district court denied Kellar's petition, the Medical Center recommended that Kellar be returned to his committing court. Despite this determination, however, as in *Henry*, petitioner was not immediately transferred to his committing court, but remained incarcerated at the Medical Center pending appeal. It was not until January 8, 1971, that the United States Attorney for the Western District of Missouri filed a motion with this court requesting permission to transfer Kellar to his committing court in Indiana. Acting as promptly as possible, we granted the government's motion shortly thereafter.

The government confesses that its delay has been "regrettable". In the government's brief, the United States Attorney for the Western District of Missouri informs us that his office has initiated procedures to avoid such delays in the future.[1] A patient's transfer pursuant to those procedures shall not, by the fact of the transfer alone, prejudice any appeal rights. See Fed.R.App.P. rule 23(a). We are gratified that the United States Attorney for the Western District of Missouri, in cooperation with the administration of the Federal Medical Center and the United States Bureau

of Prisons, has responded to our admonition in *Henry*, that

> [i]t is intolerable that one who is presumed innocent and who has been found competent to stand trial is detained at the F.M.C. for inordinate and indefensible periods of time. [440 F.2d at 1052]

Since Kellar has been transferred to his committing court to stand trial on the charges brought against him, his appeal presents no actual issue requiring our attention.

Appeal dismissed.

---

1. The appropriateness of the procedures are not now before us, and, therefore, we make no comment on their substance.