**Charles A. HORTON, Petitioner,**

**v.**

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 19629–3.**

United States District Court,
W. D. Missouri, W. D.

Aug. 13, 1971.

Charles A. Horton, pro se.

No appearance for respondent.

**ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

WILLIAM H. BECKER, Chief Judge.

Petitioner, a prisoner in the United States Medical Center for Federal Prisoners, has had prior petitions for habeas corpus filed in this Court. See Horton v. Ciccone (W.D.Mo.) Civil Action No. 16240–3, dismissed without prejudice on January 5, 1967, in which petitioner challenged his commitment under the provisions of § 4246, Title 18, United States Code, and was instructed by this Court to pursue his remedies in the committing court under the rule of Arco v. Ciccone (W.D.Mo.) 252 F.Supp. 347, affirmed (C.A.8) 359 F.2d 796. See also Horton v. Ciccone (W.D.Mo.) Civil Action No. 16353–3, April 3, 1967, in which petitioner again challenged his commitment and which was dismissed as moot because

> "the indictment against the petitioner had been dismissed by the United States Attorney for the Eastern District of Louisiana and * * * petitioner had been delivered to the Veterans Administration Hospital at Jefferson Barracks, Missouri, on March 8, 1967."

On August 4, 1971, this division received a letter from petitioner (forwarded by Judge John W. Oliver of this Court, in accordance with local rules requiring that, under ordinary circumstances, all court actions filed by a single prisoner be filed in the same division of this district) in which petitioner stated the following:

> "The Clerk of the Court has sent back my writ of Habeas Corpus advising me that I must use the regular form.
>
> "The form is not adequate and I respectfully beg the Court to accept my typewritten 3 page writ of Habeas Corpus as prescribed by law."

To save time and unproductive effort, petitioner's letter will be treated as a successive petition for habeas corpus. Petitioner will be granted leave to proceed in forma pauperis.

■ The petition must be denied, however, without prejudice to the claims it might make but does not (1) because it is not on the forms supplied by this Court as required by Local Rule 22 and (2) because it does not state any denial of a federal right or other exceptional circumstances.

According to Local Rule 22(1),

> "Petitions for a writ of *habeas corpus* and motions filed pursuant to 28 U.S. C. § 2255 (attacking a sentence imposed by this court), by persons in custody, shall be in writing, signed and verified. Such petitions and motions shall be on forms supplied by the court."

The rule is in accordance with the requirement generally that petitions for federal habeas corpus state the facts showing the violation of a federal right. See, e. g. Aubut v. Maine (C.A.1) 431 F.2d 688. A contemplated amendment to the rule would permit the filing of habeas petitions not on the forms in the presence of exceptional circumstances. But petitioner does not state any excep-

tional circumstances in his letter to the Court. He states that the forms are inadequate, but does not state why. It cannot be presumed that the forms, which are designed to facilitate concise but complete statements of habeas corpus claims, are inadequate. Petitioner has not stated any facts from which the Court could determine that they are, in his case for his purposes, inadequate. Therefore, the Court must conclude that the Clerk was correct in returning the handwritten petition to petitioner because it was not on forms required by Local Rule 22. The Clerk also sent petitioner habeas corpus forms under the rule, which he should use in filing his petition.

■ Under some circumstances, extraordinary or exceptional circumstances may be indicated by a statement in a letter or document not on the forms which may indicate that petitioner's federal rights have been violated, or are being violated. In those instances, when some irreparable injury appears possible to the federal rights of the petitioner, the letter or other document may properly be treated as a petition for habeas corpus and made the basis of a show cause order, with petitioner being permitted to fill in his factual allegations, in keeping with Walker v. Johnson, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, in the traverse of respondent's response to the show cause order. But, even construing petitioner's letter liberally in his favor in accordance with the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, he does not state any claim of the denial of a federal right. The fact that he is again in the Medical Center does not raise any inference of an invalid or unreasonable commitment when the records in this Court, as noted above, show that his former commitment to the Medical Center has been meantime terminated in accordance with law.[1]

---

1. The Medical Center records office reports by telephone (the call having been placed by the law clerk of this division) that petitioner has currently been charged with bank robbery and has been committed on June 2, 1971, under the provisions of § 4246, Title 18, United States Code, by the United States District Court for the

Petitioner will be sent additional habeas corpus forms with his copy of this judgment. He should use them to present his claim to the Court. It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice to any claims of denials of federal rights which petitioner may state in future petitions on the proper forms.

Northern District of California. It does not appear that his commitment, therefore, is invalid or that it has yet come within the description of an "indefensible" period of time within the meaning of Henry v. Ciccone (C.A. 8) 440 F.2d 1052.